Edwin B. Stanley, Esq., #011730
**SIMBRO & STANLEY, PLC**
8767 East Via de Commercio
Suite #103
Scottsdale, Arizona 85258-3374
(480) 607-0780
bstanley@simbroandstanley.com

William G. Klain, Esq., #015851
Michelle H. Swann, Esq. #019819
**LANG & KLAIN, P.C.**
6730 N. Scottdale Rd., Suite #101
Scottsdale, Arizona 85253-4408
(480) 534-4900
Wklain@lang-klain.com
mswann@lang-klain.com

Attorneys for Defendants

# IN THE UNITED STATES BANKRUPTCY COURT
# IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>LANDAU BKN HOLDINGS, LLC, an Arizona limited liability company<br><br>         Debtor.<br>_____<br>CHAD MICHAEL LANDAU,<br><br>         Debtor.<br>_____<br>KAREN DORIS LLC, an Arizona limited liability company,<br><br>         Debtor.<br>_____<br>CHAD LANDAU, an individual and on behalf of BRIDGE ENTERTAINMENT, LLC, an Arizona limited liability company; BKN INVESTMENTS, LLC, an Arizona limited liability company; BKN REAL ESTATE, LLC, an Arizona limited liability company; CS CHANDLER REAL ESTATE, LLC, an Arizona limited liability company; DIEGO POPS, LLC, an Arizona limited liability company; DIEGO POPS HOLDINGS, LLC, an Arizona limited liability company; SCOTTSDALE ROAD RESTAURANT, LLC, an Arizona limited liability company; JOHN MOON, an individual; EDUARDO ESCOBAR, an individual; D2W, LLC, an Arizona limited liability company; KAREN DORIS, LLC, an Arizona limited liability company,<br><br>         Plaintiffs | In Proceedings Under Chapter 11<br><br>Case No.   2:20-bk-04622-DPC<br>                  2:20-bk-06897-DPC<br>                  2:20-bk-06955-DPC<br><br>(Jointly Administered)<br><br>Adversary No. 2:20-ap-00169-DPC<br><br>**DEFENDANTS'<br>MOTION TO REMAND** |

vs.

RYAN and CAITLIN JOCQUE, husband and wife,

    Defendants.
_____

RYAN JOCQUE,

    Counterclaimant,

vs.

CHAD LANDAU,

    Counterdefendant.
_____

  **RYAN and CAITLIN JOCQUE** ("Defendants"), by and through their duly authorized, undersigned attorneys, Simbro & Stanley, PLC, hereby move pursuant to 29 U.S.C. §1452 and Bankruptcy Rule 9027 to remand this Adversary Proceeding to the Maricopa County Superior Court.

  Remand is appropriate because (1) removal was improper under Bankruptcy Rule 9027; and (2) even if properly removed, equitable remand is appropriate under 28 U.S.C. §1452(b) because (i) efficient administration of the estate will be promoted by remand; (ii) the litigation involves only state law claims; (iii) there is no jurisdictional basis other than 28 U.S.C. §1334; (iv) many of the claims raised in this matter are remote from the bankruptcy estate; (v) Defendants have asserted their right to a jury trial and have not consented to the Bankruptcy Court jurisdiction; (vi) nine of the Plaintiffs and all of the Defendants are non-debtor parties; and (vii) the interests of judicial economy are served by remand to the Superior Court.

  This Motion is supported by the Memorandum of Points and Authorities which is attached hereto and incorporated herein by this reference, and by all other germane matters of record before the Court.

Page 2 of 11

Case 2:20-ap-00169-DPC Doc 7 Filed 07/17/20 Entered 07/17/20 08:55:24 Desc
Main Document Page 2 of 11

**RESPECTFULLY SUBMITTED** this 17th day of July, 2020.

LANG & KLAIN, P.C.

and

SIMBRO & STANLEY, PLC

/s/ *EBS* #011730
Edwin B. Stanley, Esq.
8767 East Via de Commercio
Suite #103
Scottsdale, Arizona 85258
Attorneys for Defendants

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. FACTUAL AND PROCEDURAL BACKGROUND RELEVANT TO THIS MOTION.

#### A. Summary of the Litigation and Prior Proceedings.

On May 8, 2018, Plaintiffs commenced suit against Defendants. A copy of the May 8, 2018 *"Verified Complaint for (I) Breach of Contract; (II) Breach of Fiduciary Duty; (III) Common Law Fraud; (IV) Scheme or Artifice to Defraud; (VI) Racketeering/Civil RICO"* (the "Complaint") is attached hereto as **Exhibit "A."** There are ten remaining[1] separate Plaintiffs in this action. Only two Plaintiffs, Chad Landau ("Landau") and Karen Doris, LLC ("KD"), are Debtors in this Court.

The Complaint has 17 individual counts summarized as follows:

| Claim No. | Plaintiff | Cause of Action |
|---|---|---|
| 1 | KD & BKN Real Estate | Breach of Fiduciary Duty |
| 2 | KD & BKN Investments | Common Law Fraud |
| 3 | Landau & Moon | Breach of Contract |

---

[1] Escobar dismissed his claims against Defendants on July 12, 2019, and D2W dismissed its claims on February 13, 2020. The remaining LLC plaintiffs are not represented by counsel and their claims are subject to dismissal. *See*, *State v. Eazy Bail Bonds*, 224 Ariz. 227, 229 (App. 2010). A motion to dismiss these Plaintiffs' claims is pending.

Page 3 of 11

SIMBRO & STANLEY, PLC
8767 East Via de Commercio, Suite #103
Scottsdale, Arizona 85258
(480) 607-0500

| 4  | Landau & Moon | Breach of Fiduciary Duty |
|----|---------------|--------------------------|
| 5  | Landau & Moon | Common Law Fraud |
| 6  | Moon, KD & D2W | Breach of Fiduciary Duty |
| 7  | Moon, KD & D2W | Common Law Fraud |
| 8  | Moon, Landau, KD, D2W & Escobar | Breach of Contract |
| 9  | Moon, Landau, D2W and Escobar | Breach of Fiduciary Duty |
| 10 | Moon | Breach of Fiduciary Duty |
| 11 | Moon | Common Law Fraud |
| 12 | Moon, Landau, KD, D2W & Escobar | Common Law Fraud |
| 13 | KD | Common Law Fraud |
| 14 | BKN Investments | Common Law Fraud |
| 15 | BKN Real Estate | Common Law Fraud |
| 16 | Moon, Landau, KD, D2W & Escobar | Fraudulent Schemes and Artifices |
| 17 | Moon, Landau, KD, D2W & Escobar | Arizona Civil RICO |

Of the 17 separate counts in the Complaint, four (Counts 10, 11, 14 and 15) do not involve any of the Debtors at all. These are not derivative claims and seek direct damages against Defendants on behalf of Plaintiffs Moon, BKN Investments and BKN Real Estate.

On June 9, 2020, Defendants filed a Motion to Dismiss the unrepresented limited liability companies because under Arizona law they may only appear through licensed Arizona counsel (or *pro hac vice* counsel). The Maricopa County Superior Court ordered that Plaintiff Moon respond to that motion on or before June 17, 2020, but Plaintiff Moon did not. Rather, Plaintiff Moon filed his Notice of Removal to this Court.

On December 12, 2019, Jocque sought summary judgment on Claims Four and Five

Page 4 of 11

of the Complaint as to Moon because they are barred by the relevant statutes of limitation. On January 16, 2020, Moon filed a motion for summary judgment against Jocque for breach of fiduciary duty related to the (unrepresented) Plaintiff Diego Pops, LLC. These motions are pending in the State Lawsuit and were supposed to have been argued on June 12, 2020. Landau filed his bankruptcy petition prior to that date. The Court in the State Lawsuit vacated the oral argument on the pending motions for summary judgment, ordered briefing from Moon and Defendants about whether the Court could retain jurisdiction in light of Landau's bankruptcy petition, and ordered that Moon and Jocque file briefs "addressing the impact of bankruptcy filings by Plaintiff Chad Landau and by Plaintiff Karen Doris, LLC." Moon's Notice of Removal followed. As a result, the Superior Court has not resolved this pending issue.

### B. The Relationship of the Plaintiffs to the Bankruptcy Estate.

Plaintiffs Landau and KD are debtors in this administratively consolidated case. Moon is listed as a creditor in all three cases.[2] According to KD's schedules, KD[3] has 50% ownership interests in Plaintiffs BKN Investments and BKN Real Estate. *See,* Dkt. #26 in 2:20-bk-06955. The remaining Plaintiffs, Bridge Entertainment, LLC, CS Chandler Real Estate, LLC, Diego Pops, LLC, Diego Pops Holdings, LLC, and Scottsdale Road Restaurant, LLC (collectively the "Unrelated Entities"), are neither owned nor managed by any of the Debtors and are not represented by counsel.

### C. The Contents of the Notice of Removal.

The Notice of Removal was filed on June 17, 2020. The Notice of Removal simply

---

[2] In the June 9, 2020 Rule 2016 Statement by Attorney for Debtor, Debtor Landau's attorneys revealed that Moon paid the Debtor Landau's counsel approximately $20,000 to initiate Landau's bankruptcy case. *See,* Dkt. #8 in 2:20-bk-06897-DPC. Similarly, Moon paid KD's filing fee. *See,* Dkt. #3 in 2:20-bk-06955-DPC.

[3] Ownership of KD is unknown. In Landau's schedules, he claims he owns 100% of KD. *See,* Dkt. #38 in 2:20-bk-06897-DPC. In Debtor Landau BKN Holdings' schedules, it claims that it owns 100% of the ownership interests in KD. *See,* Dkt. #33 in 2:20-bk-04622-DPC.

Page 5 of 11

SIMBRO & STANLEY, PLC
8767 East Via de Commercio, Suite #103
Scottsdale, Arizona 85258
(480) 607-0500

states that "the Removed Case is a case related to the Bankruptcy Case." It does not distinguish which of the administratively consolidated cases it relates to. *See,* Notice of Removal at 2:1 (Adv. Dkt. #1). The Notice of Removal goes on to state that it is a core matter under 28 U.S.C. §157(b) because it involves claims that are derivative in nature regarding Defendant Ryan Jocque's conduct with regard to "several business entities." *See,* Notice of Removal at 2:17-3:5. No alleged facts are included to demonstrate how the purportedly derivative claims are related to any of the pending Chapter 11 cases. and there is no factual description as to why the claims by non-debtor Plaintiffs are related to the Chapter 11 cases at all.

## II. ARGUMENTS AND AUTHORITIES.

### A. This Matter was not Properly Removed to this Court.

The federal removal statutes are to be strictly construed. *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 18, 123 S. Ct. 2058, 2068 (2003) (*citing Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108, 61 S. Ct. 868, 872 (1941)); *Jordan v. Nationstar Mortg. LLC*, 781 F.3d 1178, 1182-83 (9<sup>th</sup>Cir. 2015). Bankruptcy Rule 9027(a) requires a "short and plain statement of the facts" that entitle the party to removal. *See also, In re Heinsohn*, 231 B.R. 48, 53 (Bankr. E.D. Tenn. 1999) ("[A] statement is an essential jurisdictional allegation for removal purposes under § 1452(a) only if it describes or sets forth the basis for the district court's exercise of jurisdiction under § 1334").

The Notice of Removal, which was filed by Moon and not either of the Debtors, contains no factual statement as to why this Court has jurisdiction. As set forth above, the Notice of Removal only sets forth legal conclusions and vaguely describes the management of "various business entities" that are at issue. No facts are included to describe why this Court has jurisdiction over some or all of the claims asserted in this matter or why any of the claims relate to or will affect any of the bankruptcy estates.. "Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). The presumption is that federal courts are "without jurisdiction unless the contrary affirmatively

Page 6 of 11

appears." *Fifty Associates v. Prudential Ins. Co. of America*, 446 F.2d 1187, 1190 (9th Cir. 1970) (citations omitted). When an action is removed from state court, the removing party bears the burden of demonstrating that removal is proper. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

The jurisdictional allegations in the Notice of Removal, particularly as regards claims by non-Debtor Plaintiffs, is inadequate to establish the jurisdiction of this Court. Accordingly, remand to the Superior Court is mandated.

### B. Equitable Remand is Appropriate.

Pursuant to Section 28 U.S.C. §1452(b) a Federal Court may remand "on any equitable ground." Equitable remand may be for any ground that is "reasonable, fair, and appropriate." *Things Remembered v. Petrarca*, 516 U.S. 124 (1995). This standard is "an unusually broad grant of authority" which allows for remand for reasons beyond those typical of non-bankruptcy removal statutes. *In re McCarthy*, 230 B.R. 414, 417 (9th Cir. BAP 1999).

Bankruptcy courts generally consider up to 14 factors in deciding whether to remand an action to the non-bankruptcy forum pursuant to 28 U.S.C. § 1452(b). *In re Cedar Funding, Inc.*, 419 B.R. 807, 820-821 and n.18 (9th Cir. BAP 2009), *citing In re Enron Corp.*, 296 B.R. 505, 508 n.2 (C.D. Cal. 2003).

#### 1. The effect or lack thereof on the efficient administration of the estate if a court recommends remand.

This action has been pending before the Commercial Court in the Maricopa County Superior Court for over two years. There has already been extensive litigation and the Superior Court has extensive knowledge of the issues presented in the case. The most efficient way to move toward a resolution is to remand the case to Superior Court.

#### 2. The extent to which state law issues predominate over bankruptcy issues.

All claims raised in the case are state law issues.

### 3. <u>The difficulty or unsettled nature of the applicable law</u>.

Whether or not members and managers of Arizona limited liability companies owe common law fiduciary duties established law in Arizona. *See, Sky Harbor Hotel Props., LLC v. Patel Props., LLC (In re Sky Harbor Hotel Props., LLC),* 246 Ariz. 531, 443 P.3d 21 (Ariz. 2019). However, what needs to be included in an LLC's operating agreement to limit or eliminate these fiduciary duties is an open issue. This is an issue that should be settled by an Arizona state court.

### 4. <u>The presence of a related proceeding commenced in state court or other non-bankruptcy court</u>.

The original state court action, initiated by Plaintiffs, is the related proceeding that can be reestablished upon remand. *See, In re Cytodyn of New Mexico, Inc.,* 374 B.R. 733, 739 (Bankr. C.D. Cal. 2007) ("Silly" to ignore the fact that a state court case had been commenced, and was set to go to trial, prior to removal).

### 5. <u>The jurisdictional basis, if any, other than 28 U.S.C. § 1334</u>.

There is no other jurisdictional basis, even assuming that the Notice of Removal establishes a jurisdictional basis in the first place.

### 6. <u>The degree of relatedness or remoteness of the proceeding to the main bankruptcy case</u>.

Many of the claims, such as Moon's and the Unrelated Entities' claims against Defendants, have no bearing on the bankruptcy estates at all. The claims brought by Landau, which are generally asserted as derivative claims, are remote from the bankruptcy cases because even if Plaintiffs succeed on these claims, recovery in most instances will be made by the non-debtor entities. Such recovery is for the benefit of the creditors of those entities, not the Debtors. It is impossible to determine if any potential recovery will flow into the bankruptcy estates.

### 7. <u>The substance rather than form of an asserted "core" proceeding</u>.

Although Moon conclusorily asserts that this action is entirely a core proceeding, that

Page 8 of 11

assertion is demonstrably false. Moon's claims against Defendants are not derivative and his success or failure on those claims will have no effect on any of the bankruptcy estates. Moreover, the Notice of Removal is self-contradictory. Moon first alleges that "the Removed Case is a case related to the Bankruptcy Case." *See,* Notice of Removal at 2:1. A few lines later, Moon asserts that the action is a core proceeding. *See,* Notice of Removal at 2:17.

**8. <u>The feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court.</u>**

The various claims are inextricably intertwined. Severing and remanding some claims is not feasible.

**9. <u>The burden on the Bankruptcy Court's docket</u>.**

The Complaint contains 360 paragraphs and is 51 pages long. Forcing this Court to get up to speed on the issues (especially when the Superior Court has had the case for over two years), and determine the subject matter jurisdiction issues that will become readily apparent, is an impermissible burden on this Court.

**10. <u>The likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties</u>.**

Forum shopping is clearly what is occurring. Moon is not a debtor in this case and was facing summary judgment and possible dismissal of many of the unrepresented LLC Plaintiffs. Moon is the party who paid the Debtors' bankruptcy attorney and filing fees. He is clearly simply trying to purchase a forum that he believes will be more favorable to his claims. Removal was just a ploy to buy time and try to pursue his claims in what he considers a more amenable forum.

**11. <u>The existence of a right to a jury trial</u>.**

This factor weighs strongly in favor of remand. Defendants have requested a jury trial and have objected to this Court entering final judgments in this matter. *See,* Adv. Dkt. #3.

Page 9 of 11

Case 2:20-ap-00169-DPC    Doc 7    Filed 07/17/20    Entered 07/17/20 08:55:24    Desc
Main Document    Page 9 of 11

**12.** <u>**The presence in the proceeding of non-debtor parties**</u>.

Most of the Plaintiffs are non-debtor parties. The Defendants are non-debtor parties.

**13.** <u>**Comity**</u>

This does not appear to be a factor.

**14.** <u>**The possibility of prejudice to other parties in the action**</u>.

Defendants will be prejudiced if there is no remand. Defendants have already spent years in litigation with Plaintiffs, and further delay will certainly cost them more in time and attorney's fees.

Thirteen of the 14 factors weigh in favor of remand. The case was proceeding in the Superior Court. Absent Moon's obvious attempts to avoid adverse rulings, the case would never have been removed in the first place.

## III. <u>CONCLUSION.</u>

For all of the foregoing reasons, Defendants request that the Court enter an order remanding this action to Superior Court and granting Defendants such other and further relief as is just and proper under the circumstances.

**RESPECTFULLY SUBMITTED** this 17th day of July, 2020.

LANG & KLAIN, P.C.

and

S**IMBRO** & S**TANLEY**, PLC

/s/ *EBS* #011730
Edwin B. Stanley, Esq.
8767 East Via de Commercio
Suite #103
Scottsdale, Arizona 85258
Attorneys for Defendants

Page 10 of 11

Copies of the foregoing
electronically transmitted
via the Court's ECF system
this 17th day of July, 2020
to:

Timothy M. Collier, Esq.
William A. Weber, Esq.
Law Office of Timothy M. Collier, PLLC
3295 N. Drinkwater Boulevard, Suite 9
Scottsdale, AZ 85251
timothy.collier@tmcollierlaw.com
william.weber@tmcollierlaw.com
*Attorneys for Plaintiff John Moon*

Patrick F. Keery, Esq.
Keery McCue, PLLC
6803 E. Main Street, Suite 1116
Scottsdale, AZ 85251
*Attorney for Plaintiff Chad Landau and Karen Doris, LLC*

/s/ Sharon D. Kirby

Page 11 of 11