

**TIMOTHY M. COLLIER, STATE BAR NO. 030431**
**LAW OFFICE OF TIMOTHY M. COLLIER, PLLC**
**3295 North Drinkwater Blvd., Suite 9**
**Scottsdale, Arizona 85251**
**Tel. (480) 855-1842**
**Fax (480) 718-8759**
**timothy.collier@tmcollierlaw.com**

*Attorney for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT

# IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| CHAD LANDAU, an individual and on behalf of BRIDGE ENTERTAINMENT, LLC, an Arizona limited liability company; BKN INVESTMENTS, LLC, an Arizona limited liability company; BKN REAL ESTATE, LLC, an Arizona limited liability company; CS CHANDLER REAL ESTATE, LLC, an Arizona limited liability company; DIEGO POPS, LLC, an Arizona limited liability company; DIEGO POPS HOLDINGS, LLC, an Arizona limited liability company; and SCOTTSDALE ROAD RESTAURANT, LLC, an Arizona limited liability company; JOHN MOON, an individual; EDUARDO ESCOBAR, an individual; D2W, LLC, an Arizona limited liability company; KAREN DORIS, LLC, an Arizona limited liability company, <br><br> Plaintiffs, <br><br> vs. <br><br> RYAN and CAITLIN JOCQUE, husband and wife. <br><br> Defendants. | Chapter 11 Proceeding <br><br> Case No. 2:20-bk-04622-DPC <br>             2:20-bk-06897-DPC <br>             2:20-bk-06955-DPC <br><br> (Jointly administered) <br><br> **No. 2:20-ap-00169-BKM** <br><br> **PLAINTIFF JOHN MOON'S RESPONSE TO DEFENDANTS' MOTION TO REMAND** |

COMES NOW, Plaintiff John Moon ("Moon"), by and through counsel hereby responds to Defendants Ryan and Caitlyn Jocque's ("Defendants") Motion to Remand ("Motion") brought pursuant to 29 U.S.C. §1452 and Bankruptcy Rule 9027, to remand this Adversary Proceeding to the Maricopa County Superior Court. Moon's Response to Defendant's Motion to Remand ("Response") is based on the following Memorandum of Points and Authorities.

## **MEMORANDUM OF POINTS AND AUTHORITIES**

## **FACTS**

Defendants seek remand of this entire Adversary Proceeding as to all Plaintiffs. However, Plaintiffs Chad Landau ("Landau") and Karen Doris, LLC ("KD") (collectively referred to as "Debtors") are Debtors in this Court whom both have derivative claims as alleged in the Arizona Superior Court of Maricopa County (the "Superior Court"), Case No. CV2018-007262 (the "Removed Case"). Derivative claims are commonly held to be a part of the debtor's estate. Of the seventeen (17) counts alleged in Plaintiffs' Complaint filed in the Removed Case on May 8, 2018 ("Complaint"), Defendants only allege "four [counts] (Counts 10, 11, 14 and 15) do not involve any of the Debtors at all… and that "[t]hese are not derivative claims." (Dkt. 7, at p. 4). Although Moon is not a debtor, any claim he joins Debtors in the Removed Case that is derivative is still likely the part of the Debtors' estate effectively requiring Moon to join these claims in the Adversary Proceeding, which is why he filed the Notice of Removal. Additionally, Moon does not agree with Defendants' argument as to which claims may be derivative or not, but in the event the claims may not be derivative in nature, those alleged non-derivative claims are so intertwined and have a deeply seeded relationship with the Debtors' claims, they also must remain.

The Complaint alleges that the action brought by the named Plaintiffs in the Removed Case is "on behalf of the Business Entities." (Dkt. 7.1, at ¶ 17). The Business Entities are

defined as Scottsdale Road Restaurant, LLC ("SRR"), Bridge Entertainment, LLC ("Bridge Entertainment"), BKN Investments, LLC ("BKN Investments") BKN Real Estate, LLC ("BKN Real Estate"), CS Chandler Real Estate, LLC ("CSCRE"), Diego Pops, LLC ("Diego Pops"), and Diego Pop Holdings, LLC ("DP Holdings"). (Dkt. 7.1 at ¶ 12). The Complaint further alleges that the action is brought pursuant to A.R.S. § 29-831, and the requirements therein have been met. (Dkt. 7.1, at ¶¶ 17-8). Nowhere in the Complaint does it contain that only certain counts are derivative.

As far as Defendants' argument that Counts, 10, 11, 14 and 15 do not involve any of the Debtors at all, that is incorrect. Counts 10 and 11 involved a buyout of Moon's membership interest, which as shown below, is related to Count 12. Counts 14 and 15 are brought on behalf of BKN Investments and BKN Real Estate, respectively. KD, at all relevant times, had a fifty percent interest (50%) in both BKN Investments and BKN Real Estate. (Dkt. 7.1, at ¶¶ 22-3).

### A. Description of Claims Involving Moon

Counts 3, 4, & 5 of the Complaint all involve a single transaction and the subsequent characterization of the transaction regarding CSCRE. The claims are for Breach of Contract, Breach of Fiduciary Duty and Common Law Fraud, respectively. Plaintiffs in these Counts include Landau and Moon, and allege that a $370,000.00 contribution made by Moon to CSCRE was in consideration for a forty percent (40%) interest in CSCRE, to be split evenly between Landau and Moon, each having twenty percent (20%). Plaintiffs in these Counts have further alleged that Defendants recharacterized that contribution as a loan and paid a small portion back without the consent of the requisite number of managers. (Dkt. 7.1, at ¶¶ 243-262).

Counts 6 & 7 of the Complaint involve several but essentially similar transactions regarding Bridge Entertainment. The claims are for Breach of Fiduciary Duty and Common Law Fraud, respectively, and involve Debtors. Plaintiffs in these Counts allege Defendants

overstated the build out for Montauk Restaurant, charging Bridge Entertainment for costs belonging to CSCRE, exchanging debt for membership interests without authorization, converting Defendants' capital contributions to loans, assuming loans of other entities, again without authorization, and otherwise misrepresenting distributions, payroll payments, tax returns, and membership interests. (Dkt. 7.1, at ¶¶ 263-277).

Counts 8, 9, & 12 of the Complaint involve transactions having to do with Diego Pops, some identical to the Count 8 allegations and being part of the Count 9 & 12 allegations. The claims are for Breach of the Operating Agreement, Breach of Fiduciary Duty, and Common Law Fraud, respectively, and involve Debtors in Counts 8 & 12, and Landau in Count 9. Plaintiffs in these Counts allege Defendants acted without required consent to make buy out payments, incurred debt, and issued ownership interest, as well as representing the build out for Diego Pops to be far greater than the actual cost, recharacterizing capital contributions as loans, further encumbering the business, and failing to disclose books and records. (Dkt. 7.1, at ¶¶ 278-287 & 303-312).

Counts 10 & 11 of the Complaint involve the buyout of Moon's interest in Diego Pops. Moon's claims are for Breach of Fiduciary Duty and Common Law Fraud respectively. These are the only Counts Moon brings solely without either of the Debtors. However, these claims would likely affect the outcome of Counts 8, 9, & 12 of the Complaint which include Debtors. (Dkt. 7.1, at ¶¶ 288-302).

Counts 16 of the Complaint, alleged with Debtors and against Defendants, is for Fraudulent Schemes and Artifices, pursuant to A.R.S. § 13-2310. Plaintiffs in this Count allege Defendants purposely limited access to financial and management information of the Business Entities, asked non-parties to participate in limiting the access by changing logins and passwords, and maintaining secret bank accounts. (Dkt. 7.1, at ¶¶ 343-347).

Count 17 of the Complaint, alleged with Debtors and against Defendants, is for Pattern of Unlawful Activity pursuant to A.R.S. § 13-2314.04. Plaintiffs in this Count allege almost, if not, all the allegations in the preceding 16 Counts, including but not limited to, the plethora of misrepresentations made by Defendants, mischaracterizations of capital contributions, recharacterization of capital contributions to loans, failing to provide accounting upon proper request, purposely overstating the costs of buildouts, and acting without the required authorized consent needed. (Dkt. 7.1, at ¶¶ 348-355).

As this Court can see, Moons claims against Defendants are brought and joined with Debtors, or are so closely related to Debtors claims, the only venue available for Moon to continue prosecuting these claims is in this Court. As seen below, Debtors' claims cannot be remanded, and although Defendants do not request the separation of certain claims to be remanded, if that were to actually occur, all Debtors' claims would be subject to the automatic stay on remand, effectively staying Moon's claims as well due to his claims are joined with Debtors, or his claims having a direct relationship to Debtors' claims. As such, Moon requests this Court deny Defendants' Motion.

## LAW AND ARGUMENT

### A. The Relationship

An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate. *In re Mortgages Ltd.*, 399 B.R. 673, 676 (Bankr. Ariz. 2008) (citing . *Pacor Inc. v. Higgins*, 743 F.2d 984, 994 (3rd Cir. 1984).

> The Ninth Circuit has specifically held that "Under *Pacor*, federal jurisdiction exists pursuant to section 1334(b) when resolution of

> nondebtor litigation may directly affect the estate's obligation to
> creditors whose claims are currently before the bankruptcy court."

*In re Mortgages Ltd.*, at 676-7 (Bankr. Ariz. 2008) (Citations omitted). Here, the litigation involves the Debtors and nondebtors which not only affects the Debtor's bankruptcy estate, but also the Debtors' obligation to the creditors, including Moon.

As far as the relationship of the Plaintiffs to the Debtor's estate, there are many. As mentioned above even Counts 10 & 11, which are the only Counts in which Moon is the sole Plaintiff, would likely affect the outcome of Counts 8, 9, & 12 of the Complaint which include Debtors. Counts 10 & 11 of the Complaint, in substance, deal with the buyout of Moon's interest in Diego Pops which Moon alleges Defendants falsely represented the financial state of Diego Pops to get him to sell his interest at a much lower value. In Count 8 of the Complaint, Plaintiffs allege loans taken out and membership interests recharacterized, specifically Moon's interest, all of which was likely used to misrepresent the value of Diego Pops as alleged in Counts 10 & 11 of the Complaint. A question of fact exists as to whether there were any actual loans or whether Moon had an interest in Diego Pops. The resolution of just those two (2) questions will affect the outcome of Counts 8, 9, 10, 11, & 12, and therefore the Debtor's estate, and Debtors' obligations to their creditors.

Moon provides the above example of how Counts 10 & 11 of the Complaint, would likely affect the outcome of Counts 8, 9, & 12 because even Moon's sole counts are deeply seeded, and having a close relationship to other Debtors' claims. Moon's remaining claims are all in conjunction with one or both Debtors. Those Counts are all plead as derivative, but even taking Defendants argument that some may not be derivative, are brought jointly with Debtors. The outcome of those Counts brought by Moon with one or both Debtors are not just related but one in the same, having only one outcome for those respective Plaintiffs. That outcome,

positive or negative, will certainly affect the Debtors' estate and the obligation to Debtors' creditors.

### B. This Matter Was Properly Removed

Defendants argue that Moon did not properly remove the Removed Case to this Court, because the contents of the Notice of the Removal fall short of the statutory requirements. (Dkt. 7, at p. 6). Pursuant to Bankruptcy Rule 9027 Moon's Notice of Removal shall contain "a short and plain statement of the facts which entitle the party filing the notice to remove." Although, there are additional requirements as to the contents of a notice of removal under Bankruptcy Rule 9027, Defendants have not alleged Moon did not meet those requirements.

The contents of the Notice of Removal satisfy the requirements under Bankruptcy Rule 9027. Moon states this Court has jurisdiction of the Removed Case pursuant to 28 U.S.C. § 1334(b) and therefore 28 U.S.C. § 1452(a). (Dkt. 1, at p. 1). Although no longer required after the 2016 Amendment to Bankruptcy Rule 9027, Moon explains further that the Removed Case is a core proceeding within the meaning of 28 U.S.C. § 157(b), and a short plain statement of all claims in the Complaint. (Dkt. 1, at pp. 2-3). *See In re Mortgages Ltd.,* at 679 ("determination of the core nature becomes appropriate only after existence of bankruptcy jurisdiction has been determined."). Further fulfilling the requirements of Bankruptcy Rule 9027, Moon submitted the entire record from the Removed Case, including the Complaint, which Moon specifically references in his explanation as to why removal is appropriate. (*Id.*)

Bankruptcy Rule 9027 does not require a lengthy dissertation of the facts of the Removed Case, such as in the Complaint, in the Notice of Removal, only a "short plain statement." Likely because the additional requirement under Bankruptcy Rule 9027 require a notice of removal be "be accompanied by a copy of all process and pleadings" which already contains a lengthy dissertation of the allegations against Defendants.

In the end, if this Court were to find some deficiency with Moon's Notice of Removal, he will happily amend the same at this Court's direction and lave to do so. However, the Notice of Removal specifically states the basis for this Court's jurisdiction, contains a short plain statement as to why, and further accompanied by the entire record of the Removed Case, fulfilling the requirements of Bankruptcy Rule 9027.

**C.     A Derivative Action is Property of the Debtors' Estate.**

11 U.S. Code § 362(a)(3) prohibits any act "to exercise control over the property of the estate." *In re Gen. Dev. Corp.*, 179 B.R. 335, 338 (S.D. Fla. 1995) (internal citations omitted) ("The bankruptcy trustee…is vested with title to all assets of the estate and becomes the estate's legal representative."); *In re Polis*, 217 F.3d 899, 902 (7th Cir. 2000) (internal citations omitted) (legal claims that arise pre-petition are "already 'property' of the debtor and hence of the debtor's estate in bankruptcy"). Defendants may argue the stay is to clams only asserted against Debtors. However, it makes no difference whether those claims are brought on behalf of Debtors or against Debtors. Unlike 11 U.S. Code § 362(a)(1), which automatically stays proceedings only if they are "against the debtor," 11 U.S. Code § 362(a)(3) contains no such restriction. To the contrary, it imposes—without qualification—a stay of "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." 11 U.S.C. § 362(a)(3). By its own terms, the statute applies equally to any act exercising control over estate property, regardless of whether it is against or on behalf of the debtor.

When claims are asserted on a company's behalf, as Debtors have here, Courts have repeatedly and routinely confirmed that derivative litigation claims are property of a debtor's estate, and are thus stayed under 11 U.S.C. § 362(a)(3). *In re At Home Corp.*, 154 Fed Appx. 666, 668 (9th Cir. 2005) ("A bankruptcy court may enjoin a derivative claim brought by

shareholders because the claim is property of the bankruptcy estate.") (citing 11 U.S.C. § 362(a)(3); *In re Folks*, 211 B.R. 378, 384 (B.A.P. 9th Cir. 1997)) ("[A]ny derivative claims belong to the Debtor's estate and only the Debtor can assert them.") (rev'd on other grounds by *Ahcom, Ltd. v. Smeding*, 623 F.3d 1248 (9th Cir. 2010)); *In re RNI Wind Down Corp.*, 348 B.R. 286, 293 (Bankr. D. Del. 2006) (internal citations omitted) (section 362(a)(3) stayed derivative claims because "upon the filing of a bankruptcy petition . . . any claims for injury to the debtor from actionable wrongs committed by the debtor's officers and director become property of the estate under 11 U.S.C. § 541").

Moon is not a debtor, but it is important to understand that Defendants' Motion request this Court to remand the entire Removed Case, which is not possible. As explained above, any of the counts in the Complaint which are derivative – which the Complaint makes no distinction as to which are but alleges all counts are on behalf of the Business Entities – and Moon joins, are literally inseparable. As to Counts 10 & 11 of the Complaint, which Defendants claim are not derivative and brought solely in Moon's individual capacity, will likely affect the outcome of Counts 8, 9, & 12 because even these counts are deeply seeded, and having a close relationship to other Debtors' claims.

### 1. If Remanded All Derivative Claims Would Be Subject to the Automatic Stay.

Again, when claims are asserted on a company's behalf, as Debtors have here, Courts have repeatedly and routinely confirmed that derivative litigation claims are property of a debtor's estate, and are thus stayed under 11 U.S.C. § 362(a)(3). *In re At Home Corp.*, *supra.* If the Removed Case is remanded, the automatic stay will be in place. Based on the derivative nature of the claims, and/or the entangled relationship of what may be considered Moon's sole claims, even if the automatic stay would be in effect as to Debtors only, any Superior Court

ruling, order, or final adjudication will almost certainly affect the Debtors' estate. If nothing else, having the same claims in two (2) separate forums will cause duplicative litigation, possibly having contradictory outcomes, and may affect the rights of other creditors.

Debtors' claims in the Removed Case are derivative, in which Moon joins as a Plaintiff. Derivative actions are clearly property of the Debtors' estate. As such, the Removed Case cannot be remanded as to Debtors. Due to the inseparable nature of the claims, that Moon joins with Debtors against Defendants, remand is not possible without affecting the rights of the Debtors' and Debtors' obligations to their creditors, including Moon.

### E. Equitable Remand is NOT Appropriate

Defendants finally request equitable remand pursuant to 28 U.S.C. §1452(b). (Dkt. 7, at p. 7) (*citing* In *re Cedar Funding, Inc*., 419 B.R. 807, 820-821 and n.18 (9th Cir. BAP 2009) (*citing In re Enron Corp*., 296 B.R. 505, 508 n.2 (C.D. Cal. 2003)). Moon does not dispute this Court's discretion to remand on equitable grounds, but asserts the factors listed in Defendants' Motion actually support the Adversary Proceeding remain in this Court's jurisdiction.

It should also be noted that in *In re Cedar Funding* the Court found no grounds to exercise its' discretion to remand because "the matter is core is a significant factor weighing in favor of adjudicating the dispute in the bankruptcy court." *In re Cedar Funding, Inc.*, at 821. Although *In re Cedar Funding, Inc.* is prior to the 2016 Amendment of Bankruptcy Rule 9027 eliminating requirement that a notice of removal must contain an explanation why the case being removed is core pursuant to 28 U.S.C. § 157(b), as mentioned above, Moon did assert the Removed Case is core and Defendants have not alleged otherwise.

If this Court would, however, consider Defendants request equitable remand pursuant to 28 U.S.C. §1452(b), Moon applies the *In re Enron Corp* factors as follows:

### 1. The effect or lack thereof on the efficient administration of the estate if the Court recommends remand.

Defendants seek remand of the entire Removed Case. As shown above, the Removed Case cannot be remanded as to Debtors and because of the inseparable nature of the claims, that Moon joins with Debtors against Defendants, and remand is not possible without affecting the rights of the Debtors' and Debtors' obligations to their creditors, including Moon. If the Removed Case could be remanded, the automatic stay will be in place. Based on the derivative nature of the claims, and/or the entangled relationship of what may be considered Moon's sole claims, even if the automatic stay would be in effect as to Debtors only, any Superior Court ruling, order, or final adjudication will almost certainly affect the Debtors' estate.

Having all Plaintiffs and Defendants in the Adversary Proceeding in the jurisdiction of this Court promotes judicial efficiency and efficient administration of the Debtors' estate. Ordinary commercial and partnership disputes of this kind that are routinely heard by bankruptcy courts. Further, this Adversary Proceeding involves multiple parties, which this Court is inherently better suited for multiparty issues, and for which the bankruptcy processes is also better suited, and for which the bankruptcy Courts are more experienced than are the state courts.

Putting to use a little forward thinking, Moon is required to file a proof of claim for amounts claimed to be owed him by Debtors, not only the Debtors and the Trustee but also any creditor can object to such proof of claim. There may also be a creditors committee appointed to represent the interests of creditors generally, and such committee may object to a proof of claim. Yet, if those same claims are determined by the Superior Court, following relief from stay (if even possible), it is not clear that any creditor would be permitted to intervene in such litigation, and the standing of a creditors committee may not be recognized by a nonbankruptcy court.

More likely in the Adversary Proceeding, if remanded, the automatic stay will not be lifted due to the derivative claims and/or close relationship to the Debtors claims, in order to promote judicial economy, by preventing the duplication of litigation. Even if the stay were lifted so that Moon could liquidate his claims in the Superior Court, it will be necessary to have essentially duplicative litigation in this Court as to Debtors. A possible result is that other creditors may object to Moon's proof of claim, asserting they are not barred by *res judicata* or collateral estoppel because they were not parties to the Superior Court litigation. Although just possibilities at this point, the possibilities are very real, and more importantly can be avoided altogether by this Court denying Defendants Motion.

### 2. The extent to which state law issues predominate over bankruptcy issues.

Defendants are correct that all claims in the Complaint are state law issues but that does not mean they necessarily predominate over bankruptcy issues. Because Defendants seek remand of the entire Adversary Proceeding, and it cannot be remanded as to Debtors because of the inseparable nature of the claims, the bankruptcy issues predominate. The administration of the Debtors' estate should take the forefront in this factor, and the efficient administration of the Debtor's estate can only be done if all Parties remain in this Court.

### 3. The difficult or unsettled nature of applicable law.

There is no difficulty or unsettled nature of the applicable law that should be left to the Superior Court as Defendants suggest. The question of whether members or managers of an Arizona limited liability company owe a duty is well settled law in Arizona. The case cited by Defendants[1] does just that (Dkt. 7, at p.8). The question of what needs to be in an operating

---

[1] *Sky Harbor Hotel Props., LLC v. Patel Props., LLC (In re Sky Harbor Hotel Props., LLC)*, 246 Ariz. 531, 443 P.3d 21 (Ariz. 2019)

agreement is not even at issue in the Removed Case. Plaintiffs are simply trying to enforce what is already in the relative operating agreements.

The Removed Case involves multiple parties, which this Court is inherently better suited for multiparty issues, and for which the bankruptcy Courts are more experienced than are the state courts.

### 4. The presence of related proceeding commenced in state court or other nonbankruptcy proceeding.

Defendants argue that the Removed Case is the related proceeding that can be reestablished upon remand. (Dkt. 7, at p. 8). Moon argues that the Removed Case cannot be a related case to itself even if remanded, and that there are no related cases in which Debtors and Moon are named.

### 5. The jurisdictional basis, if any, other than § 1334.

Moon is not aware of any other jurisdictional basis at this time.

### 6. The degree of relatedness or remoteness of proceeding to main bankruptcy case.

As shown above in Section A & B above, the Removed Case cannot be remanded as to Debtors and because of the inseparable nature of the claims, that Moon joins with Debtors against Defendants, remand is not possible without affecting the rights of the Debtors' and Debtors' obligations to their creditors, including Moon.

### 7. The substance rather than the form of an asserted core proceeding.

This factor may no longer be relevant after the 2016 Amendment to Bankruptcy Rule 9027, and *In re Enron Corp.,* where these factors derive was decided in 2003. However, core proceedings under 28 U.S.C. § 157(b) are vast starting with matters concerning the

administration of the estate (28 U.S.C. § 157(b)(2)(A)) to other proceedings affecting the liquidation of assets of the Debtors' estate. 28 U.S.C. § 157(b)(2)(O). This Adversary Proceeding directly affects the administration of the Debtors' estate and the liquidation of its' assets. This Adversary Proceeding likely falls under additional sections of 28 U.S.C. § 157(b) as well.

### 8. The feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court.

Defendants admit in this section that the "various claims are inextricably intertwined. Severing and remanding some claims is not feasible." (Dkt. 7, at p. 9). The all or nothing approach for remand by Defendants is fatal. Any of the counts in the Complaint which are derivative – which the Complaint makes no distinction as to which are but alleges all counts are on behalf of the Business Entities – and Moon joins, are literally inseparable. The Counts in which Defendants claim are not derivative and brought solely in Moon's individual capacity, will likely affect the outcome of other Counts where Moon is named with Debtors because they are deeply seeded, having a close relationship to other Debtors' claims

### 9. The burden on the bankruptcy court's docket.

Defendant assert that due to the length of the Complaint this Court should not be forced to "get up to speed." (Dkt. 7, at p. 9). With the already filed petitions and schedules in the Debtors' administrative cases, this Court is likely up to speed already. Further the Removed Case, although reaching two years, has not had much substantive activity before the Superior Court, other than to address only a few of the seventeen (17) Counts.

//

//

### 10. The likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties.

Although Defendants are quick to allege forum shopping by Plaintiffs, that is not the case. Debtors filed for bankruptcy and their claims became the property of the Debtors' estate. Moon cannot pursue his claims without Debtors. The alternative being (even if possible) is litigation over identical claims in two (2) forums. The result possibly includes, contradictory outcomes, which only causes more litigation for the Parties. Based on the complications of differing forums, Defendants should be willing to get this all done in one forum, and the only forum available for all Parties to participate is this Court.

### 11. The existence of a right to a jury trial.

Defendants have requested a jury trial. However, as this Court already likely knows, the possibility of a civil jury trial in the Superior Court any time soon is essentially nil due to the ongoing COVID-19 pandemic. Further, the Parties can consent to a jury trial under Bankruptcy Rule 9015.

### 12. The presence in the proceeding of nondebtor parties.

Moon has already consented Pursuant to 28 U.S.C. § 157(c)(2), consenting to the District Court's referral of the Removed Case to the Bankruptcy Court to hear and determine and to enter appropriate orders and judgments. As far as the nondebtor parties, other than Defendants, Debtors interest in those Business Entities are at issue and the claims are derivative as to those Business Entities. Although they may be captioned Plaintiffs, the derivative claims are brought on behalf of the Business Entities by Debtors and in some Counts, Moon

### 13. Comity.

Moon Agrees with Defendants that this does not seem to be a factor to consider.

**14.    The possibility of prejudice to other parties in the action.**

Defendants claim prejudice if there is no remand, but if there is a remand Defendants do not explain how the Superior Court can move the Removed Case along faster.  With the likely imposition of the automatic stay, having to defend in different forums, the possibility of differing outcomes on the same claims but different Plaintiffs, and resulting additional litigation, it is likely prejudicial to all parties if remanded.  Based on the complications of differing forums, Defendants should be willing to get this all done in one forum, and the only forum available for all Parties to participate is this Court.  Having all Plaintiffs and Defendants in the Adversary Proceeding in the jurisdiction of this Court promotes judicial efficiency and efficient administration of the Debtors' estate, which also benefits Defendants.  Therefore, there can be no prejudice.

If this Court chooses to consider Defendants request for equitable remand pursuant to 28 U.S.C. §1452(b), the *In re Cedar Funding, Inc.* factors weigh heavily in Moon's favor and for this case to remain in the jurisdiction of this Court.

## **CONCLUSION**

Debtors' claims cannot be remanded, and although Defendants do not request the separation of certain claims to be remanded, if that were to actually occur, all Debtors' claims would be subject to the automatic stay on remand, effectively staying Moon's claims as well due to his claims are joined with Debtors, or his claims having a direct relationship to Debtors' claims.  As such, Moon requests this Court deny Defendants' Motion

RESPECTFULLY SUBMITTED on this 31st day of July, 2020.

| | |
|---|---|
| 1 | |
| 2 | By*/s/ Timothy M. Collier* |
| 3 | TIMOTHY M. COLLIER |
| | 3295 North Drinkwater Blvd., Suite 9 |
| 4 | Scottsdale, Arizona 85251 |
| | *Attorney for Plaintiff John Moon* |

| | |
|---|---|
| 1 | **CERTIFICATE OF SERVICE** |
| 2 | I certify that on July 31, 2020, a copy of the foregoing **PLAINTIFF JOHN MOON'S** |
| 3 | **RESPONSE TO DEFENDANTS' MOTION TO REMAND** was served upon counsel of |
| 4 | record via electronic mail as follows: |

William G. Klain
Michelle Swann
Lang & Klain, P.C.
6730 N. Scottsdale Road, Suite 101
Scottsdale, Arizona 85253-4408
filing@lang-klain.com
*Attorneys for Defendants*

Patrick F. Keery
Keery McCue, PLLC
6803 East Main Street, Suite 1116
Scottsdale, AZ 85251
pfk@keerymccue.com
*Attorney for Chad Landau*
*in Bankruptcy Case*

s/ *Tremain Davis*
Tremain Davis