WILENCHIK & BARTNESS
A PROFESSIONAL CORPORATION

ATTORNEYS AT LAW
The Wilenchik & Bartness Building
2810 North Third Street  Phoenix, Arizona  85004

Telephone: 602-606-2810     Facsimile: 602-606-2811

Dennis I. Wilenchik, #005350
Ross P. Meyer, #028473
Jordan C. Wolff, #034110
admin@wb-law.com
*Attorneys for John Moon*

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| CHAD LANDAU, et. al.,<br><br>     Plaintiffs,<br><br>  vs.<br><br>RYAN and CAITLIN JOCQUE, husband and wife,<br><br>     Defendants. | Case No.: CV2018-007262<br><br>**PLAINTIFF MOON'S REPLY IN SUPPORT OF PARTIAL MOTION FOR SUMMARY JUDGMENT ON BREACH OF FIDUCIARY DUTY RE DIEGO POPS, LLC**<br><br>**(Liability only)**<br><br>**(Oral Argument Requested)**<br><br>(Assigned to the Honorable Daniel Martin) |

Plaintiff John Moon ("Moon") respectfully requests that this Court grant Moon's Partial Motion for Summary Judgment on Breach of Fiduciary Duty re Diego Pops, LLC ("Motion"). Defendants Ryan Jocque ("Jocque") and Caitlin Jocque (collectively "Defendants") response does not create any disputes of material issues of fact. Further, it is clear from the Response that Jocque owed Moon a fiduciary duty, as Jocque was a manager of Diego Pops and Moon was a member, and Jocque breached that fiduciary duty by not informing Moon of a distribution to members, except for Moon, in February 2017. Instead of informing Moon of this distribution, which was later voided, Jocque purchased Moon's membership interests, and then immediately after

purchasing Moon's membership interest issued distributions to all members, including himself. As such, Moon requests that this Court enter an order that Jocque indeed owed Moon a fiduciary duty while he was a member, and that he breached this duty by failing to disclose information about the February 2017 distribution, and completed the purchase of Moon's membership interest while knowing that Moon did know this information.

## I. <u>LEGAL ARGUMENT</u>

A fiduciary relationship is one in which special confidence and trust are placed in another and whose attributes include great intimacy, disclosure of secrets, or entrusting of power, resulting in a position of superiority or influence. *See Standard Chartered PLC v. Price Waterhouse,* 190 Ariz. 6, 24 (App.1996) Under Arizona law, a fiduciary owes a duty of the "utmost good faith, loyalty, and full disclosure." *Gemstar Ltd. v. Ernst & Yong*, 185 Ariz. 493, 504 (1996). In expanding on the meaning of fiduciary duty, the Supreme Court of Delaware stated:

> Corporate officers and directors are not permitted to use their position of trust and confidence to further their private interests … A public policy, existing through the years, and derived from a profound knowledge of human characteristics and motives, has established a rule that demands of a corporate officer or director, peremptorily and inexorably, the most scrupulous observance of his duty, not only affirmatively to protect the interests of the corporation committed to his charge, but also to refrain from doing anything that would work injury to the corporation, or to deprive it of profit or advantage which his skill and ability might properly bring to it, or to enable it to make in the reasonable and lawful exercise of its powers. The rule that requires an undivided and unselfish loyalty to the corporation demands that there be no conflict between duty and self-interest.

*Cede & Co. v. Technicolor, Inc.*, 634 A.2d 345, 361 (Del. 1993), *decision modified on reargument,* 636 A.2d 956 (Del. 1994) (citations omitted).

"The duty of loyalty mandates that the best interest of the corporation and its shareholders takes precedence over any interest possessed by a director, officer or controlling shareholder." *Id*. at 362. "Classic examples of director self-interest in a business transaction involve either a director appearing on both sides of a transaction or a director receiving a personal benefit from a transaction not received by the shareholders generally." *Id.* (citations omitted).

WILENCHIK & BARGNESS
A PROFESSIONAL CORPORATION

**A.**     <u>**Jocque, as a Manager, Owed Fiduciary Duties to Moon as a Member of Diego Pops**</u>

Although there are no Arizona published opinions directly addressing the issue of whether an LLC's manager owes a fiduciary duty to the LLC's members, there is at least one unpublished appellate-level decision in Arizona addressing this precise issue, providing persuasive authority. In *Silverwood Real Estate Invs., L.L.C. v. Wickman-Kush,*[1] decided six months after *TM2008 Investments, Inc. v. Procon Capital Corp.,* 234 Ariz. 421 (App. 2014) ("*TM2008*"), the Arizona Court of Appeals rejected the notion that an LLC's manager owed no fiduciary duty to an LLC's members. 1 CA-CV 14-0822, 2016 WL 3944548, at *3 (App. July 19, 2016). The trial court in *Silverwood*, stated:

> Although there is no case law directly on point, the Court believes that legislative history, public policy and common sense establish that managers and promoters of limited liability companies have the same obligations and responsibilities, as a matter of law, as do officers and directors of corporations.

*Id.* at *3, ¶ 14.

The *Silverwood* ruling found that the manager that ran the day to day operations, *id.* at *1, ¶ 3, and "[b]y acting and performing as [the LLC's] manager, [defendant] undertook and accepted the responsibilities and duties of the manager as outlined in the [operating agreement]," thus upholding the trial court's finding that a manager of an LLC owed a fiduciary duty to the LLC's members. *Id.* at *3, ¶ 17.

Here, Diego Pop's operating agreement stated that:

> ***The business and affairs of the Company shall be managed exclusively by its designated Managers, who may hire a management company to handle the Company's day-to-day operations****,* as set forth in Section 5.15 below. Except for situations in which the approval of the Members is expressly required by this

---

[1]     *Silverwood* is an unpublished opinion but is examined herein because of its citation by Defendants. *See* Resp. 6:11-23. Further, *Silverwood* has been cited by this Court as recently as February 2019 by Judge Brodman. *See Magnotta III v. Serra*, CV 2016-009195, 2019 WL 4239552, *1 (Maricopa Cty. Sup. Ct. 2019) ("*See Silverwood Real Estate Investments, LLC v. Wickman-Kush*, 2016 WL 3944548 (App. 2016) (day-to-day manager of LLC owes fiduciary duty to member).").

> Agreement or by non-waivable provisions of applicable law, the consent of two (2) Managers shall be sufficient to make any and all decisions and to do any and all things which the Managers deem be reasonably required to accomplish the business and objectives of the Company and shall direct, manage and control the business of the Company to the best of their ability. ***No Member, in his capacity as a Member, shall have the authority to act for or bind the Company***"[2]

Defs' SOF ¶ 4 (emphasis added). Jocque, as the manager, was able to execute on behalf of the Company all instruments and documents, including distribution checks. SOF, Exhibit 2 at § 5.4.9. No member, including Moon, had the ability to act for the company or bind the company, including signing or issuing checks. Defs' SOF ¶ 4. Essentially, as the manager of Diego Pops, Jocque had complete control of everything related to the company and Moon had absolutely no control.

Here, as in *Silverwood*, Jocque accepted the duties and responsibilities of acting as manager for the Diego Pops pursuant to the operating agreement. Pl's SOF ¶ 2-4; Defs' CSOF ¶ 2-4. Accordingly, as in *Silverwood*, the Court should find that, based on his acceptance of the duties and responsibilities of acting as a manager, created a fiduciary duty to Diego Pops and its members, including Moon. *See also Standard Chartered PLC*, 190 Ariz. at 24, 945 P.2d at 335. Similarly, courts in other states, applying common law principles to the same issue, have held that LLC managers indeed owe a fiduciary duty to LLC members. *See, e.g., Purcell v. Southern Hills Investments, LLC*, 847 N.E.2d 991, 996–97 (Ind.App.2006) ("Indiana LLCs, being similar to Indiana partnerships and corporations impose a common law fiduciary duty on their officers and members in the absence of contrary provisions in LLC operating agreements"); *Patmon v. Hobbs*, 280 S.W.3d 589, 594 (Ky.App.2009) ("managing member . . ., had a duty to act not only in the interests of [the LLC] but also owed a basic duty of faithfulness and loyalty"); *Wasserman Goldsten Family, LLC v. Kay*, 197 Md.App. 586, 14 A.3d 1193, 1210 (2011) ("managing members of LLCs owe common law fiduciary duties to the LLC and to the other members. Managing members are clearly agents for the LLC and each of the members, which is a fiduciary position under common law.").

---

[2] Diego Pop's Operating Agreement does not have a Section 5.15. *See* SOF, Ex. 2 at 16.

WILENCHIK & BARTNESS
A PROFESSIONAL CORPORATION

Defendants contend that *Silverwood* is no longer applicable because "the legislature amended the Limited Liability Company Act to create baseline duties owed by members and managers of LLCs." Resp. at 6:20-23. Defendants cite to the entire LLC Act and do not specify any specific statute or amendment to the LLC Act to support their contention. *Id.* This is most likely due to the fact that there was no such amendment. The Arizona Legislature did amend A.R.S. § 29-601 *et seq.* in 2017, however, none of these changes modified any relevant position that would vacate the holding in *Silverwood*. This amendment to the LLC Act was promulgated as Arizona Senate Bill No. 1272 (2017). *See* 2017 Arizona Senate Bill No. 1272, Arizona Fifty-Third Legislature – First Regular Session, attached hereto as **Exhibit A** (highlighted portions of the exhibit are the amended text and strikethroughs are removed portions); *see also* Senate Bill No. 1272 Summary, Arizona House of Representatives (May 10, 2017) (*available at* https://www.azleg.gov/legtext/53leg/1R/summary/H.SB1272_05-10-17_CHAPTERED.pdf). The amendment modified sections in the LLC Act for notices and electronic transmissions. *See* **Exhibit A**. The amendment did not change or modify any duties owed by members and managers of a limited liability company under the LLC Act.

Therefore, the Arizona Limited Liability Company Act and the 2017 amendments to the LLC Act have no bearing on the holding in *Silverwood*.

**B.** **The is not whether Jocque was Required to Make Distributions, But Rather Jocque Intentionally Withheld Information from Moon Regarding Distributions**

The Response attempts to divert the issue before the Court claiming that there is a triable issue of fact relating to whether "(1) Diego Pops had 'Cash Flow' to distribute during Moon's membership, and (2) whether the Operating Agreement or a common law fiduciary duty compelled Jocque, acting  for Diego Pops, to issue a 'distribution' at any time during Moon's membership." *See* Resp. at 7:2-6. These are red herrings.

The actual issue is the undisputed fact that Jocque made a distribution to the members, except for Moon, while Moon was a member and Jocque intentionally withheld information about an upcoming distribution in order to purchase Moon's membership interest. *See* Defs' Objs. to

Pl's SOF, at ¶¶ 15-16. It is undisputed Jocque did not inform Moon that this distribution occurred, while Moon held his membership interest. *See* Jocque's Obj. to SOF, ¶ 19. The fact that the February 2017 distribution was later voided does not change the fact that every other member was notified of such an event, except for Moon. Moreover, the foregoing undisputed facts also support that Diego Pops had "Cash Flow" to distribute during Moon's membership. If Diego Pops did not have the "Cash Flow" to distribute, then Jocque would not have issued distribution checks on February 21, 2017 and on March 21, 2017—one day after Jocque purchased Moon's interests. *See* Jocque's Obj. to SOF, ¶¶ 15-18. Therefore, any attempts to create a factual issue as to whether or not Jocque was required to issue a distribution is not only a red hearing but undisputed that Diego Pops had the "Cash Flow" to issue a distribution while Moon was a member.

**C.** **The Business Judgment Rule Is Not Applicable Because Jocque Had A Personal Interest in Not Telling Moon About the Distributions**

In a further attempt to pervert the issues in the Motion, Defendants argue the business judgment is applicable. It is not. Generally, the business judgment rule precludes judicial inquiry into actions taken by a director in good faith and in the exercise of honest judgment in the legitimate and lawful furtherance of a corporate purpose. *Shoen v. Shoen*, 167 Ariz. 58, 65, 804 P.2d 787, 794 (App. 1990). However, once "there is a prima facie showing that a director is personally interested in a corporate transaction, the business judgment rule" shielding the director from liability for errors in judgment "***does not apply***, and the burden shifts to the director to show that their decision with respect to a particular transaction is fair and serves the best interest of the corporation and its shareholders." *Id*. (Emphasis added).

Here, it is undisputed that Jocque was an interested party. Not only did Jocque not tell Moon about the February 2017 distributions and the March 2017 distributions, he also was the party that purchased Moon's membership interest in Diego Pops. Jocque's Obj. to SOF, ¶ 18. As a result of purchasing Moon's membership interest in March 2017, Jocque issued a distribution the very next day, in which Jocque received an additional $35,000 due to the purchase of Moon's

WILENCHIK & BARTNESS

membership interest. Clearly, Jocque had a personal interest in not telling Moon about the distributions.[3] Therefore, the business judgment rule is not applicable.

Moreover, Jocque has presented no evidence showing that his decision not to tell Moon about the distribution was shielded by the business judgment rule and that it was fair and served the best interest of the LLC and its members. Frankly, it is difficult to see how not telling Moon about the distribution was in the best interest of the LLC and its members since Jocque had already issued the distributions. Defs' CSOF, ¶ 15 Jocque made a deliberate decision not to tell Moon about the distributions in order to purchase Moon's membership interest and reap the benefit of the distribution that should have gone to Moon.

Next, Jocque argues that Moon has "presented no evidence that Jocque *had* an obligation to disclose that Diego Pops may issue distributions before or after Moon's [sic] sold his membership interest." Resp. 7:16-18. This is not true. The Motion established that Jocque had a duty to disclose Moon that Diego Pops was issuing distributions. *See* Motion, at 4-8; *see also* Motion, at 6:6-9 (citing *In re Estate of Thurston*, 199 Ariz. 215, 219 (App. 2000) ("Moreover, if a fiduciary who speaks falsely or refuses to reveal the truth also personally profits by his fraudulent conduct, that conduct will justify intervention by the court even in a collateral proceeding.")). As Jocque owed Moon a fiduciary duty, this included his duty to reveal the truth of the transactions and financial condition of Diego Pops. *Id.*

### D.   Moon Has Established That He Was Harmed

"A breach of fiduciary duty is a cause of damages if it helps produce the damages and if the damages would not have occurred without the breach." RAJI (Civil) 4th, Commercial Torts 2 (2017).  The public policy underlying breach of fiduciary duty is found in Restatement (Third) of Restitution and Unjust Enrichment § 43:

> A person who obtains a benefit
>
> (a) in breach of a fiduciary duty...
>
> is liable in restitution to the person to whom the duty is owed

---

[3]    As discussed in the Motion, Moon would not have sold his membership interest in Diego Pops had he know that there was going to be a distribution. SOF, ¶¶ 22-23.

WILENCHIK & BARTNESS

Comment b to § 43 explains the function of restitution:

> The basic determination that opens the way to restitution within the rule of this section is always the same: **that there has been trust and confidence justifiably reposed on one side, and an advantage improperly gained on the other, either in violation of fiduciary duty** or in circumstances posing so great a risk of violation that violation is presumed as a matter of law. Any such advantage must be given up to the beneficiary.
>
> **Gain resulting from breach of fiduciary duty is a prime example of the unjust enrichment that the law of restitution condemns,** and one function of the rule of this section is to exclude the possibility of profit from this kind of wrongdoing. **An equally fundamental goal of liability under § 43, and one which may be stated without reference to unjust enrichment**, is to enforce by prophylaxis the special duties of the fiduciary. Restitution offers a further safeguard, beyond the fiduciary's liability to make good any injury, protecting the reliance of the beneficiary on the fiduciary's disinterested conduct. To this end, a liability in restitution by the rule of this section does not depend on proof either that the claimant has sustained quantifiable economic injury or that the defendant has earned a net profit from the transaction. It is enough that the fiduciary has acquired some asset or opportunity by a transaction in which the fiduciary was required to act solely in the interest of another.

(Emphasis added).

As explained herein, Jocque owed Moon a fiduciary duty. It is also undisputed that Jocque withheld information regarding distributions in order to purchase Moon's membership interest. Moon never would have sold his membership interest in Diego Pops had Jocque disclosed that there was going to be a distribution the day after Moon sold his interest to Jocque. SOF, ¶¶ 22-23. As a result of Jocque's self-dealing, Moon was damaged. The amount that Moon was damaged is not subject to this Motion since Moon is seeking a judgment on liability only. Moreover, despite Defendants' contention, the fact that Moon did not lose any money in the transaction with Jocque does not equate that there was no harm due to Jocque's breach of fiduciary duty. Arizona courts have found that "lost profits may be a valid damage claim in a breach of fiduciary duty action." *Sports Imaging of Arizona, L.L.C. v.1993 CKC Tr.*, 1 CA-CV 05-0205, 2008 WL 4448063, at *24 (App. Sept. 30, 2008) (citing *In re H. King & Assocs.*, 295 B.R. 246, 276 (Bankr.N.D.Ill.2003); *Assurance Sys. Corp. v. Jackson*, 141 B.R. 909, 919 (Bankr.N.D.Tex.1992)). As Moon was sold his membership interest when material information

WILENCHIK & BARTNESS

was withheld, he was not able to partake in any of the Diego Pops' profits from the time he sold until today, which Jocque benefited from.

Jocque argues that because the Complaint includes a number of alleged breaches under Count 9, that the Court should not enter summary judgment on this singular issue. Resp., at 8:6-9. However, courts routinely resolve issues in a case without delay to promote judicial economy and efficient use of the parties' and the court's resources. *See Ruesga v. Kindred Nursing Centers, L.L.C.*, 215 Ariz. 589, 594, ¶ 16 (App. 2007). Here, a finding that Jocque owed Moon a fiduciary duty, while Moon was a member of Diego Pops, would promote judicial economy. Further, a finding that Jocque breached that fiduciary duty by not disclosing the issuance of distributions to Moon would also preserve the Court's resources.

## II. **CONCLUSION**

Moon requests the Court to enter a judgment of liability only, finding that Jocque owed Moon a fiduciary duty and breached that fiduciary duty by not disclosing information with regard to the distributions of Diego Pops.

**RESPECTFULLY SUBMITTED** this 3rd day of April 2020.

**WILENCHIK & BARTNESS, P.C.**

By_____/s/ Ross P. Meyer_____
Dennis I. Wilenchik, Esq.
Ross P. Meyer, Esq.
Jordan C. Wolff, Esq.
The Wilenchik & Bartness Building
2810 North Third Street
Phoenix, Arizona 85004
*Attorneys for John Moon*

1 | **ORIGINAL** E-Filed on this 3rd day
2 | of April 2020, with the Clerk of the
  | Maricopa County Superior Court
3 |
  | **COPY** of the foregoing E-Served on this
4 | 3rd day of April 2020, to:
5 |
  | William G. Klain
6 | Michelle Swann
  | Lang & Klain, P.C.
7 | 6730 N. Scottsdale Road, Suite 101
8 | Scottsdale, Arizona 85253-4408
  | filing@lang-klain.com
9 | *Attorneys for Defendants*
10 |
  | Chad Landau, for himself
11 | and for Karen Doris, LLC
  | 1412 Copper Trace
12 | Cleveland Heights, Ohio 44118
13 | chad.m.landau@gmail.com
14 |
15 | */s/ Ross P. Meyer*

# EXHIBIT A



2017 Arizona Senate Bill No. 1272, Arizona Fifty-Third Legislature - First Regular Session

ARIZONA BILL TEXT

**TITLE: business entities; omnibus**

VERSION: Introduced
January 25, 2017
WORSLEY,BORRELLI,BROPHY MCGEE,BURGES,FANN,SMITH

📄 Image 1 within document in PDF format.

SUMMARY: business entities; omnibus

**TEXT:**

REFERENCE TITLE: business entities; omnibus

State of Arizona

Senate

Fifty-third Legislature

First Regular Session

2017

SB 1272

Introduced by

Senators Worsley: Borrelli, Brophy McGee, Burges, Fann, Smith

AN ACT

amending sections 10-122, 10-124, 10-125, 10-140, 10-141, 10-502, 10-504, 10-1403, 10-1510, 10-1520, 10-1530, 10-3124, 10-3125, 10-3140, 10-3141, 10-3502, 10-3504, 10-3823, 10-11403, 10-11504, 10-11506, 10-11510, 10-11520, 10-11530 and 10-11531, Arizona Revised Statutes; amending title 10, chapter 39, article 3, Arizona Revised Statutes, by adding section 10-11636; amending section 29-601, Arizona Revised Statutes; amending title 29, chapter 4, article 1, Arizona Revised Statutes, by adding section 29-601.01; amending sections 29-605, 29-605.01, 29-634, 29-786, 29-807 and 29-851, Arizona Revised Statutes; relating to business entities.

Be it enacted by the Legislature of the State of Arizona:

Section 1. Section 10-122, Arizona Revised Statutes, is amended to read:

10-122 . Filing, service and copying fees; expedited report filing and access; same day and next day services; posted wait times; advance monies; definition

A. The commission shall collect and deposit, pursuant to sections 35-146 and 35-147, the following nonrefundable fees when the documents described in this subsection are delivered to the commission:

Document Fee

1. Articles of incorporation $50

2. Application for use of indistinguishable name 10

3. Application for reserved name 10

4. Notice of transfer of reserved name 10

5. Application for registered name 10

6. Application for renewal of registered name 10

7. Agent's statement of resignation 10

8. Amendment of articles of incorporation 25

9. Restatement of articles of incorporation with

amendment of articles 25

10. Statement of merger, interest exchange,

conversion, domestication or division if the

entity responsible for filing the statement

is a corporation 100

11. Articles of dissolution 25

12. Articles of revocation of dissolution 25

13. Application for reinstatement following

administrative dissolution, in addition

to other fees and penalties due 100

14. Application for authority 150

WESTLAW    © 2020 Thomson Reuters. No claim to original U.S. Government Works.

15. Application for withdrawal 25

16. Annual report 45

17. Articles of correction 25

18. Application for certificate of good standing 10

19. Any other document required or permitted

to be filed by chapters 1 through 17

of this title 25

B. The commission shall collect a nonrefundable fee of twenty-five dollars each time process is served on it under chapters 1 through 17 of this title. The party to a proceeding causing service of process is entitled to recover this fee as costs if the party prevails in the proceeding.

C. The commission shall charge and collect a reasonable fee for copying documents on request, provided the fee does not exceed the cost of providing the service as determined by the commission. The commission shall also charge a reasonable fee for certifying the copy of a filed document, provided the fee does not exceed the cost of providing the service as determined by the commission.

D. A penalty of one hundred dollars payable in addition to other fees accrues and is payable if a foreign corporation fails to file an amendment, restated articles that include an amendment, or articles of merger within sixty days ~~of~~ **after** the time of filing in the jurisdiction in which the corporation is domiciled. The penalty collected pursuant to this subsection shall be deposited, pursuant to sections 35-146 and 35-147, in the state general fund.

E. One-third of the fees for the annual report of domestic and foreign corporations paid pursuant to subsection A, paragraph 16 of this section shall be deposited in the Arizona arts trust fund established by section 41-983.01 and two-thirds of these fees shall be deposited, pursuant to sections 35-146 and 35-147, in the public access fund established by section 10-122.01.

F. The commission shall provide for and establish an expedited service for the filing of all documents and services provided pursuant to this title as follows:

1. The expedited filing shall be a priority service to be completed as soon as possible after the documents are delivered to the commission.

2. In addition to any other fees required by this section or any other law, the commission shall charge a nonrefundable fee for expedited services, including those requested by fax. The fee shall be determined by a supermajority vote of the commissioners.

3. The commission may provide for and establish same day and next day services for the filing of any documents and services provided pursuant to this title as follows:

(a) The commission shall suspend same day or next day service if the commission determines that it does not have the necessary resources to perform the service within the established time period.

WESTLAW © 2020 Thomson Reuters. No claim to original U.S. Government Works.

(b) In addition to any other fees required by this section or any other law, the commissioners may charge a nonrefundable fee for the same day or next day service or both. The fee shall be determined by a supermajority vote of the commissioners.

4. The commission shall publicly post the current wait times for processing regular, expedited and same day and next day services.

G. The commission may charge persons who access the commission's data processing system that is maintained pursuant to section 10-122.01 from remote locations and persons requesting special computer generated printouts, reports and tapes a reasonable fee that does not exceed the cost of the time, equipment and personnel necessary to provide this service or product as determined by the commission.

H. Except as provided in section 10-122.01, subsection B, paragraph 3, in addition to any fee charged pursuant to this section, the commission may charge and collect the following nonrefundable fees to help defray the cost of the improved data processing system that is maintained pursuant to section 10-122.01:

1. Filing articles of incorporation of a domestic corporation, ten dollars.

2. Filing an application of a foreign corporation for authority to transact business in this state, twenty-five dollars.

I. All monies received pursuant to subsections F, G and H of this section shall be deposited, pursuant to sections 35-146 and 35-147, in the public access fund established by section 10-122.01.

J. Fees charged pursuant to this section are exempt from section 39-121.03, subsection A, paragraph 3.

K. **The commission may allow** any person ~~may~~ **to** advance monies to the commission to pay fees required pursuant to this section for future filings and services. All monies received pursuant to this subsection shall be deposited, pursuant to sections 35-146 and 35-147, in the money on deposit account in the public access fund established by section 10-122.01.

L. In addition to any other fees prescribed by law, the commission may establish a fee for the filing of an annual benefit report delivered to the commission pursuant to section 10-2442. The fee shall be determined by a majority vote of the commissioners.

M. For the purposes of this section, "supermajority" means an affirmative vote of at least four commissioners.

Sec. 2. Section 10-124, Arizona Revised Statutes, is amended to read:

10-124 . Correcting filed document; articles of incorporation; authority to transact business

A. A domestic or foreign corporation may correct a document that has been filed by the commission pursuant to chapters 1 through 17 of this title if the document either:

1. Contains an incorrect statement and the correction does not materially alter a substantive provision.

2. Was defectively executed, attested, verified or acknowledged.

B. A document is corrected by both:

1. Preparing articles of correction that:

(a) Describe the document or attach a copy of it to the articles.

(b) Specify the date the document was delivered to the commission.

(c) Specify the incorrect statement and the reason it is incorrect or the manner in which the execution was defective.

(d) Correct the incorrect statement or other defect.

2. Delivering the articles to the commission for filing.

C. Articles of correction are effective on the effective date of the document they correct except as to persons who rely on the incorrect statement or other defect and who are adversely affected by the correction. As to those persons, articles of correction are effective as provided in section 10-123.

D. If articles of incorporation, articles of domestication or an application for authority to transact business is rejected for filing by the commission, the articles or application may be resubmitted within thirty days ~~of~~ **after** the date of rejection ~~together with a copy of the rejected document~~. If the resubmitted articles or application cures the defect that caused the rejection, the resubmitted articles or application shall be filed by the commission and is effective on the date that would have been the effective date of filing the articles or application if the articles or application had not been rejected.

Sec. 3. Section 10-125, Arizona Revised Statutes, is amended to read:

10-125 . Filing duty of commission

A. At the time of delivery of a document to the commission, the commission shall stamp, endorse or attach the date and time of delivery of the document.

B. The commission shall file a document delivered to the commission for filing if both of the following apply:

1. The commission determines that the document satisfies the requirements of chapters 1 through 17 of this title.

2. The corporation filing the document or on whose behalf the document is being filed is in good standing within the meaning of section 10-128.

C. The commission may file a document delivered to the commission in which either the corporation has filed articles of dissolution or the corporation has filed a document that is required to bring the corporation into good standing. The commission shall ~~deliver a document copy~~ **provide notice of the filing** to the domestic or foreign corporation or its representative.

D. If the commission refuses to file a document, it shall ~~return it or a copy of the original~~ **provide notice of the refusal** to the domestic or foreign corporation or its representative within five days after the determination of refusal to file, together with a brief written explanation of the reason for the refusal.

E. The filing or refusing to file a document by the commission does not:

1. Affect the validity or invalidity of the document in whole or part, except to the extent that filing is required to make the document valid.

2. Relate to the correctness or incorrectness of information contained in the document.

3. Create a presumption that the document is valid or invalid or that information contained in the document is correct or incorrect.

Sec. 4. Section 10-140, Arizona Revised Statutes, is amended to read:

10-140 . Definitions

In chapters 1 through 17 of this title, unless the context otherwise requires:

1. "Acknowledged" or "acknowledgment" means either an acknowledgment pursuant to title 33, chapter 4, article 5 or the signature, without more, of the person or persons signing the instrument, in which case the signature or signatures constitute the affirmation or acknowledgment of the signatory, under penalties of perjury, that the instrument is the act and deed of the signatory and that the facts stated in the instrument are true.

2. "Act of the board of directors" means either:

(a) An act of the majority of the directors present at a duly called meeting at which a quorum is present, unless the act of a greater number is required by chapters 1 through 17 of this title, the articles of incorporation or the bylaws.

(b) Action taken by written consent of the directors in accordance with chapters 1 through 17 of this title.

3. "Act of the shareholders" means either:

(a) An act adopted or rejected by a majority of the votes entitled to be cast by each class of shareholders entitled to vote on the act at a duly called meeting at which a quorum is present, unless a greater number of votes is required by chapters 1 through 17 of this title, the articles of incorporation or the bylaws.

(b) An action taken by written consent of the shareholders in accordance with chapters 1 through 17 of this title.

4. "Address" means a mailing address.

5. "Affiliate" means a person that directly or indirectly, through one or more intermediaries controls, is controlled by or is under common control with the person specified.

6. "Articles of incorporation" means the original or restated articles of incorporation or articles of merger and all amendments to the articles of incorporation or merger and includes amended and restated articles of incorporation and articles of amendment and merger.

7. "Authorized shares" means the shares of all classes that a domestic or foreign corporation is authorized to issue.

WESTLAW  © 2020 Thomson Reuters. No claim to original U.S. Government Works.

8. "Board of directors" means the group of persons vested with the management of the affairs of the corporation irrespective of the name by which the group is designated and includes the governing body or bodies of a water users' association if the articles of incorporation of such water users' association provide for a governing body or bodies denominated other than as a board of directors.

9. "Business day" means a day that is not a Saturday, a Sunday or any other legal holiday in this state.

10. "Bylaws" means the code of rules adopted for the regulation or management of the affairs of the corporation irrespective of the name by which those rules are designated.

11. "Certificate of disclosure" means the certificate of disclosure described in section 10-202.

12. "Commission" means the Arizona corporation commission.

13. "Conspicuous" means so written that a reasonable person against whom the writing is to operate should have noticed it. For example, printing in italics, boldface or contrasting color or typing in capitals or underlined is conspicuous.

14. "Corporation" or "domestic corporation" means a corporation for profit that is not a foreign corporation and that is incorporated under or subject to chapters 1 through 17 of this title.

15. "Court" means the superior court of this state.

16. "Deliver" includes sending by mail, private courier **,** ~~or telefacsimile transmission~~ **fax or electronic transmission** .

17. "Delivery" means actual receipt by the person or entity to which directed **and for electronic transmissions means receipt as described in section 44-7015, subsection B** .

18. "Dissolved" means the status of a corporation on either:

(a) Effectiveness of articles of dissolution pursuant to section 10-1403, subsection B or section 10-1421, subsection B.

(b) A decree pursuant to section 10-1433, subsection B becoming final.

19. "Distribution" means a direct or indirect transfer of money or other property, except its own shares, or incurrence of indebtedness by a corporation to or for the benefit of its shareholders in respect of any of its shares. A distribution may be in the form of any of the following:

(a) A declaration or payment of a dividend.

(b) Any purchase, redemption or other acquisition of shares.

(c) A distribution of indebtedness.

(d) Otherwise.

20. "Effective date of notice" is as prescribed in section 10-141.

21. "Electronic transmission" means ~~any form or process of communication that does not directly involve the physical transfer of paper or another tangible medium that is suitable for the retention, retrieval and reproduction of information by the recipient and that is retrievable in paper form by the recipient through an automated process used in conventional commercial practice, unless otherwise authorized pursuant to section 10-141~~ **an electronic record as defined in section 44-7002 that is sent pursuant to section 44-7015** .

22. "Employee" includes an officer but not a director. A director may accept duties that make the director also an employee.

23. "Entity" includes a corporation, foreign corporation, not for profit corporation, profit and not for profit unincorporated association, nonprofit corporation, close corporation, corporation sole or limited liability company, a professional corporation, association or limited liability company, a business trust, estate, partnership, registered limited liability partnership, trust or joint venture, two or more persons having a joint or common economic interest, any person other than an individual and a state, the United States and a foreign government.

24. "Executed by the corporation" means executed by manual or facsimile signature on behalf of the corporation by a duly authorized officer or, if the corporation is in the hands of a receiver or trustee, by the receiver or trustee.

25. "Filing" means the commission completing the following procedure with respect to any document delivered for that purpose:

(a) Determining that the filing fee requirements of section 10-122 have been satisfied.

(b) Determining that the document appears in all respects to conform to the requirements of chapters 1 through 17 of this title.

(c) On making the determinations, endorsement of the word "filed" with the applicable date on or attached to the document and the return of ~~copies~~ **notice of the filing** to the person who delivered the document or the person's representative.

26. "Foreign corporation" means a corporation for profit that is incorporated under a law other than the law of this state.

27. "Governmental subdivision" includes an authority, county, district, municipality and political subdivision.

28. "Includes" and "including" denotes a partial definition.

29. "Individual" includes the estate of an incompetent or deceased individual.

30. "Insolvent" means inability of a corporation to pay its debts as they become due in the usual course of its business.

31. "Known place of business" means the known place of business required to be maintained pursuant to section 10-501.

32. "Liquidate its assets and business" includes the distribution of assets, the payment of obligations and debts, the discontinuance of business or any one or more of the distribution, payment or discontinuance.

33. "Mail", "to mail" or "have mailed" means to deposit or have deposited a communication in the United States mail with first class or airmail postage prepaid.

34. "Means" denotes an exhaustive definition.

35. "Newspaper" has the meaning set forth in section 39-201.

36. "Notice" and "notify" are as prescribed in section 10-141.

37. "Person" includes an individual and entity.

38. "President" means that officer designated as the president in the articles of incorporation or bylaws or, if not so designated, that officer authorized in the articles of incorporation, bylaws or otherwise to perform the functions of the chief executive officer, irrespective of the name by which designated.

39. "Principal office" means the office, in or out of this state, so designated in the annual report where the principal executive offices of a domestic or foreign corporation are located or in any other document executed by the corporation by an officer and delivered to the commission for filing. If an office has not been so designated, principal office means the known place of business of the corporation.

40. "Proceeding" includes a civil suit and a criminal, administrative and investigatory action.

41. "Publish" means to publish in a newspaper of general circulation in the county of the known place of business for three consecutive publications.

42. "Record date" means the date established under chapter 6 or 7 of this title on which a corporation determines the identity of its shareholders and their shareholdings for purposes of chapters 1 through 17 of this title. The determinations shall be made as of the close of business on the record date unless another time for doing so is specified when the record date is fixed.

43. "Secretary" means that officer designated as the secretary in the articles of incorporation or bylaws or that officer authorized in the articles of incorporation, the bylaws or otherwise to perform the functions of secretary, irrespective of the name by which designated.

44. "Shareholder" means the person in whose name shares are registered in the records of a corporation or the beneficial owner of shares to the extent of the rights granted by a nominee certificate on file with a corporation.

45. "Shares" means the units into which the proprietary interests in a corporation are divided.

46. "State", if referring to a part of the United States, includes a state and commonwealth and their agencies and governmental subdivisions and a territory and insular possession of the United States and their agencies and governmental subdivisions.

47. "Subscriber" means a person who subscribes for shares in a corporation, whether before or after incorporation.

48. "Treasurer" means that officer designated as the treasurer in the articles of incorporation or bylaws or that officer authorized in the articles of incorporation or bylaws or otherwise to perform the functions of treasurer, irrespective of the name by which designated.

49. "United States" includes a district, authority, bureau, commission and department and any other agency of the United States.

50. "Vice-president" means an officer designated as the vice-president in the articles of incorporation or bylaws or an officer authorized in the articles of incorporation, the bylaws or otherwise to perform the functions of a vice-president, irrespective of the name by which designated.

WESTLAW  © 2020 Thomson Reuters. No claim to original U.S. Government Works.

51. "Voting group" means all shares of one or more classes or series that under the articles of incorporation or chapters 1 through 17 of this title are entitled to vote and be counted together collectively on a matter at a meeting of shareholders. All shares entitled by the articles of incorporation or chapters 1 through 17 of this title to vote generally on the matter are for that purpose a single voting group.

52. "Water users' association" means a corporation that operates a federal reclamation project pursuant to a contract with the United States.

Sec. 5. Section 10-141, Arizona Revised Statutes, is amended to read:

10-141 . Notice

A. Notice under chapters 1 through 17 of this title must be in writing unless oral notice is reasonable under the circumstances. Oral notice is not permitted if written notice is required under chapters 1 through 17 of this title.

B. Notice may be communicated in person, by telephone, telegraph, teletype, ~~facsimile~~ **fax, electronic transmission** or other form of wire or wireless communication or by mail or private carrier. If these forms of personal notice are impracticable, notice may be communicated by a newspaper of general circulation in the area where published or by radio, television or other form of public broadcast communication.

C. Written notice by a domestic or foreign corporation to its shareholders, if in a comprehensible form, is effective when mailed, if mailed postpaid and correctly addressed to the shareholder's address shown in the corporation's current record of shareholders. **If in comprehensible form, notice given by electronic transmission is effective when directed to an e-mail address shown on the corporation's current record of shareholders.**

D. Written notice to a domestic or foreign corporation that is authorized to transact business in this state may be addressed to its statutory agent at its known place of business or to the corporation or its secretary at its principal office shown in its most recent annual report on file with the commission, or in the case of a foreign corporation that has not yet delivered an annual report, in its application for a certificate of authority. **Unless otherwise prohibited in chapters 1 through 17 of this title, written notice may also be given by electronic transmission when directed to an e-mail address that the corporation or its statutory agent provides.**

E. Except as provided in subsection C, written notice, if in a comprehensible form, is effective at the earliest of the following:

1. When received.

2. Five days after its deposit in the United States mail as evidenced by the postmark, if mailed postpaid and correctly addressed.

3. On the date shown on the return receipt, if sent by registered or certified mail, return receipt requested, and if the receipt is signed by or on behalf of the addressee.

F. Oral notice is effective when communicated if communicated in a comprehensible manner.

G. If chapters 1 through 17 of this title prescribe notice requirements for particular circumstances, those requirements govern. If articles of incorporation or bylaws prescribe notice requirements ~~,~~ **that are** not inconsistent with this section or other provisions of chapters 1 through 17 of this title, those requirements govern.

Sec. 6. Section 10-502, Arizona Revised Statutes, is amended to read:

10-502 . Change of known place of business or statutory agent

A. A corporation may change its known place of business or statutory agent by delivering to the commission for filing a statement of change that may be the annual report and that sets forth:

1. The name of the corporation.

2. The street address of its current known place of business.

~~3.~~ **2.** If the current known place of business is to be changed, the street address of the new known place of business.

4. The name and street address of its current statutory agent.

~~5.~~ **3.** If the current statutory agent is to be changed, the name and street address of the new statutory agent and the new agent's written consent to the appointment.

B. The statement of change shall be executed by the corporation by an officer and delivered to the commission. The change or changes set forth in the statement of change are effective on delivery to the commission for filing.

C. If a statutory agent changes its street address, it shall give written notice to the corporation of the change and sign, either manually or ~~in facsimile~~ **by fax** , and deliver to the commission for filing a statement that complies with the requirements of subsection A **of this section** and that recites that the corporation has been given written notice of the change. The change or changes set forth in the statement are effective on delivery to the commission for filing.

Sec. 7. Section 10-504, Arizona Revised Statutes, is amended to read:

10-504. Service on corporation

A. The statutory agent appointed by a corporation is an agent of the corporation on whom process, notice or demand that is required or permitted by law to be served on the corporation may be served and that, when so served, is lawful personal service on the corporation.

B. If a corporation fails to appoint or maintain a statutory agent at the address shown on the records of the commission, the commission is an agent of the corporation on whom process, notice or demand may be served. Pursuant to the Arizona rules of civil procedure, service on the commission of any process, notice or demand for an entity that is registered pursuant to this title shall be made by delivering to and leaving with the commission duplicate copies of the process, notice or demand, and the commission shall immediately cause one of the copies of the process, notice or demand to be forwarded by mail, addressed to the corporation at its known place of business. Service made on the commission is returnable pursuant to applicable law relative to personal service on the corporation. If service is made on the commission, whether under this chapter or a rule of court, the corporation has thirty days to respond in addition to the time otherwise provided by law.

C. The commission shall keep a permanent record of all processes, notices and demands served on it under this section and shall record in the record the time of the service and its action with reference to the service.

D. Notice required to be served on a corporation pursuant to section 10-1421 or 10-1422 may be served:

1. By mail addressed to the statutory agent of the corporation or, if the corporation fails to appoint and maintain a statutory agent, addressed to the known place of business required to be maintained pursuant to section 10-501.

**2. By electronic transmission to the statutory agent or to the corporation, or both.**

~~2.~~   **3.** Pursuant to the rules for service of process authorized by the Arizona rules of civil procedure.


Sec. 8. Section 10-1403, Arizona Revised Statutes, is amended to read:

10-1403 . Articles of dissolution; effective date of dissolution

A. At any time after dissolution is authorized, the corporation may dissolve by delivering to the commission for filing articles of dissolution setting forth all of the following:

1. The name of the corporation.

2. The date dissolution was authorized.

3. If dissolution was approved by the shareholders, both:

(a) The number of votes entitled to be cast on the proposal to dissolve.

(b) Either the total number of votes cast for and against dissolution or the total number of undisputed votes cast for dissolution and a statement that the number cast for dissolution was sufficient for approval.

4. If voting by voting groups was required, the information required by paragraph 3 of this subsection shall be separately provided for each voting group entitled to vote separately on the plan to dissolve.

B. A corporation is dissolved on the effective date of its articles of dissolution.

C. The articles of dissolution shall not be considered complete until the commission has received a notice from the department of revenue to the effect that the tax levied under title 42, chapter 5, article 1 against the corporation has been paid, or until it is notified by the department of revenue that the corporation is not subject to the tax and until the commission has received from the department of revenue its certificate issued pursuant to section 43-1151.

D. Within sixty days after the commission approves the filing, either of the following must occur:

1. A copy of the articles of dissolution shall be published. An affidavit evidencing the publication may be filed with the commission.

2. The commission shall input the information regarding the approval into the database as prescribed by section 10-130.

E. The articles of dissolution shall not be considered complete until all fees, penalties and costs required to be paid under this title have been paid.

**F. Notwithstanding subsection E of this section, if an annual report becomes due on or after the first date on which the articles of dissolution are delivered to the commission for filing, the annual report requirement and penalty accrual prescribed in section 10-1622 are suspended for a period of six months after the first date on which the articles of dissolution are delivered to the commission for filing. On the expiration of the six-month suspension, if the articles of dissolution are not approved for filing or if the corporation is administratively dissolved pursuant to section 10-1420, paragraph 9, all past due annual reports required by section 10-1622, together with fees and any applicable penalties, are owed as if the suspension never occurred** .

Sec. 9. Section 10-1510, Arizona Revised Statutes, is amended to read:

10-1510. Service on foreign corporation

A. The statutory agent appointed by a foreign corporation is an agent of the foreign corporation on whom process, notice or demand that is required or permitted by law to be served on the foreign corporation may be served and that, when so served, is lawful personal service on the foreign corporation.

B. If a foreign corporation fails to appoint or maintain a statutory agent at the address shown on the records of the commission, the commission is an agent of the foreign corporation on whom any process, notice or demand may be served. Pursuant to the Arizona rules of civil procedure, service on the commission of any process, notice or demand shall be made by delivering to and leaving with the commission duplicate copies of the process, notice or demand, and the commission shall immediately cause one of the copies of the process, notice or demand to be forwarded by mail, addressed to the foreign corporation at its known place of business. Service made on the commission is returnable pursuant to applicable law relative to personal service on the corporation. If service is made on the commission, whether under this chapter or a rule of court, the foreign corporation has thirty days to respond in addition to the time otherwise provided by law.

C. The commission shall keep a permanent record of all processes, notices and demands served on it under this section and shall record in the record the time of the service and its action with reference to the service.

D. Notice required to be served on a foreign corporation pursuant to section 10-1531 may be served:

1. By mail addressed to the statutory agent of the foreign corporation or, if the foreign corporation fails to appoint and maintain a statutory agent, addressed to its known place of business in this state or its principal place of business in its state or country of incorporation.

**2. By electronic transmission to the statutory agent or to the corporation, or both.**

2.   **3.** Pursuant to the rules for service of process authorized by the Arizona rules of civil procedure.

Sec. 10. Section 10-1520, Arizona Revised Statutes, is amended to read:

10-1520 . Withdrawal of foreign corporation

WESTLAW    © 2020 Thomson Reuters. No claim to original U.S. Government Works.    13

A. A foreign corporation authorized to transact business in this state shall not withdraw from this state until the commission files its application for withdrawal.

B. A foreign corporation authorized to transact business in this state may apply to surrender the authority by delivering an application to the commission for filing. The application shall set forth:

1. The name of the foreign corporation and the name of the state or country under whose law it is incorporated.

2. That it is not transacting business in this state and that it surrenders its authority to transact business in this state.

3. That the foreign corporation revokes the authority of its statutory agent to accept service on its behalf and appoints the commission as its agent for service of process in any proceeding based on a cause of action arising during the time it was authorized to transact business in this state.

4. A mailing address to which the commission may mail a copy of any process served on the commission pursuant to its appointment as the foreign corporation's agent for service of process.

5. A commitment to notify the commission in the future of any change in the foreign corporation's mailing address.

C. The application for withdrawal is not considered complete until the commission has received a notice from the department of revenue to the effect that the tax levied under title 42, chapter 5, article 1 against the foreign corporation has been paid or until it is notified by the department of revenue that the applicant is not subject to the tax and further has received from the department of revenue its certificate issued pursuant to section 43-1151.

D. The application for withdrawal is not considered complete until all fees, penalties and costs required to be paid under this chapter have been paid.

E. After determining that the application appears in all respects to conform to the requirements of this chapter and when all fees have been paid as are prescribed in this chapter, the commission shall file the application in the manner provided in section 10-120. On the filing of the application for withdrawal, the authority of the foreign corporation to transact business in this state ceases.

F. Within sixty days after the commission approves the filing, either of the following must occur:

1. A copy of the application for withdrawal shall be published. An affidavit evidencing the publication may be filed with the commission.

2. The commission shall input the information regarding the approval into the database as prescribed by section 10-130.

G. After withdrawal of the foreign corporation is effective, service of process on the commission under this section is service on the foreign corporation. On receipt of process, the commission shall mail a copy of the process to the foreign corporation at the most recent mailing address provided by the foreign corporation in the application or by notice to the commission.

**H.** Notwithstanding subsection D of this section, if an annual report becomes due on or after the first date on which an application for withdrawal is delivered to the commission for filing, the annual report requirement and penalty accrual prescribed in section 10-1622 are suspended for a period of six months after the first date on which the application for withdrawal is delivered to the commission for filing. On the expiration of the six-month suspension, if the application for withdrawal is not approved for

filing or if the authority of the corporation to transact business is revoked pursuant to section 10-1530, paragraph 10, all past due annual reports required by section 10-1622, together with fees and any applicable penalties, are owed as if the suspension never occurred.

Sec. 11. Section 10-1530, Arizona Revised Statutes, is amended to read:

10-1530 . Grounds for revocation

The commission may commence a proceeding under section 10-1531 to revoke the authority of a foreign corporation to transact business in this state if any of the following conditions exist:

1. The foreign corporation does not deliver its annual report to the commission within the time required by chapters 1 through 17 of this title.

2. The foreign corporation does not pay any fees or penalties imposed by chapters 1 through 17 of this title when they become due and payable.

3. The foreign corporation is without a statutory agent or known place of business in this state for sixty days or more.

4. The foreign corporation does not inform the commission that its statutory agent or known place of business has changed or that its statutory agent has resigned within sixty days ~~of~~ **after** the change or resignation.

5. The foreign corporation has failed to make any publication required by this title, provided the commission has notified the foreign corporation of the intent of the commission to commence a revocation proceeding for that reason and the foreign corporation has failed to file an affidavit or other appropriate evidence of publication within sixty days after that notice.

6. An incorporator, director, officer or agent of the foreign corporation signed a document he knew was false in any material respect with intent that the document be delivered to the commission for filing.

7. The commission receives a duly authenticated certificate from the secretary of state or other official having custody of corporate records in the state or country under whose law the foreign corporation is incorporated stating that it has been dissolved or disappeared as the result of a merger.

8. The corporation has failed to file a certificate of disclosure or answer interrogatories as prescribed in chapters 1 through 17 of this title.

9. Any officer or other representative of the corporation has made any misrepresentation of a material matter in any application, report or other document submitted by the corporation pursuant to chapters 1 through 17 of this title.

**10. The corporation has failed to pay fees, penalties and costs required under this chapter or to comply with section 10-1520, subsection F or the commission has not received the notice required by section 10-1520, subsection C within six months after filing the application for withdrawal.**

Sec. 12. Section 10-3124, Arizona Revised Statutes, is amended to read:

10-3124 . Correcting filed document; articles of incorporation; application for authority to conduct affairs

A. A domestic or foreign corporation may correct a document that has been filed by the commission if the document either:

1. Contains an incorrect statement and the correction does not materially alter a substantive provision.

2. Was defectively executed, attested, sealed, verified or acknowledged.

B. A document is corrected by both:

1. Preparing articles of correction that:

(a) Describe the document or attach a copy of it to the articles.

(b) Specify the date the document was delivered to the commission.

(c) Specify the incorrect statement and the reason it is incorrect or the manner in which the execution was defective.

(d) Correct the incorrect statement or other defect.

2. Delivering the articles to the commission for filing.

C. Articles of correction are effective on the effective date of the document they correct except as to persons who rely on the incorrect statement or other defect and who are adversely affected by the correction. As to those, articles of correction are effective as provided in section 10-123.

D. If articles of incorporation, articles of domestication or an application for authority to conduct affairs is rejected for filing by the commission, the articles or application may be resubmitted within thirty days ~~of~~ **after** the date of rejection ~~together with a copy of the rejected document~~ . If the resubmitted articles or application cures the defect that caused the rejection, the resubmitted articles or application shall be filed by the commission and is effective on the date that would have been the effective date of filing the articles or application if the articles or application had not been rejected.


Sec. 13. Section 10-3125, Arizona Revised Statutes, is amended to read:

10-3125 . Filing duty of commission

A. At the time of delivery of a document to the commission, the commission shall stamp, endorse or attach the date and time of delivery of the document.

B. The commission shall file a document delivered to the commission for filing if both of the following apply:

1. The commission determines that the document satisfies the requirements of chapters 24 through 40 of this title.

2. The corporation filing the document or on whose behalf the document is being filed is in good standing pursuant to section 10-3128.

Case 2:20-ap-00169-DPC    Doc 28    Filed 09/21/20    Entered 09/21/20 13:36:45    Desc
Main Document    Page 27 of 51

C. The commission may file a document delivered to the commission in which either the corporation has filed articles of dissolution or the corporation has filed a document that is required to bring the corporation into good standing. The commission shall ~~deliver the document copy~~  **provide notice of the filing**  to the domestic or foreign corporation or its representative.

D. If the commission refuses to file a document, it shall ~~return it or a copy of the original~~  **provide notice of the refusal**  to the domestic or foreign corporation or its representative within five days after the determination of the refusal to file, together with a brief written explanation of the reason for the refusal.

E. The filing or refusing to file a document by the commission does not:

1. Affect the validity or invalidity of the document in whole or in part, except to the extent that filing is required to make the document valid.

2. Relate to the correctness or incorrectness of information contained in the document.

3. Create a presumption that the document is valid or invalid or that information contained in the document is correct or incorrect.

Sec. 14. Section 10-3140, Arizona Revised Statutes, is amended to read:

10-3140 . Definitions

In chapters 24 through 40 of this title, unless the context otherwise requires:

1. "Acknowledged" or "acknowledgment" means either an acknowledgment pursuant to title 33, chapter 4, article 5 or the signature, without more, of the person or persons signing the instrument, in which case the signature or signatures constitute the affirmation or acknowledgment of the signatory, under penalties of perjury, that the instrument is the act and deed of the signatory and that the facts stated in the instrument are true.

2. "Act of the board of directors" means either:

(a) An act of the majority of the directors present at a duly called meeting at which a quorum is present, unless the act of a greater number is required by chapters 24 through 40 of this title, the articles of incorporation or the bylaws.

(b) Action taken by written consent of the directors in accordance with chapters 24 through 40 of this title.

3. "Act of the members" means either:

(a) An act adopted or rejected by a majority of the votes represented and voting at a duly held meeting at which a quorum is present where affirmative votes also constitute a majority of the required quorum unless a greater number of votes is required by chapters 24 through 40 of this title, the articles of incorporation or the bylaws.

(b) An action taken by written consent of the members in accordance with chapters 24 through 40 of this title.

(c) An action taken by written ballot of the members in accordance with this chapter.

4. "Address" means a mailing address.

WESTLAW  © 2020 Thomson Reuters. No claim to original U.S. Government Works.

17

5. "Affiliate" means a person that directly or indirectly **,** through one or more intermediaries controls, is controlled by or is under common control with the person specified.

6. "Articles of incorporation" means the original or restated articles of incorporation or articles of merger and all amendments to the articles of incorporation or merger and includes amended and restated articles of incorporation and articles of amendment and merger.

7. "Board", "board of directors" or "board of trustees" means the group of persons vested with the direction of the affairs of the corporation irrespective of the name by which the group is designated, except that no person or group of persons shall be deemed to be the board of directors solely because of powers delegated to that person or group pursuant to section 10-3801, subsection C.

8. "Business day" means a day that is not a Saturday, a Sunday or any other legal holiday in this state.

9. "Bylaws" means the code of rules adopted for the regulation or management of the affairs of the corporation irrespective of the name by which those rules are designated.

10. "Certificate of disclosure" means the certificate of disclosure described in section 10-3202.

11. "Class" refers to a group of memberships that have the same rights with respect to voting, dissolution, redemption and transfer. Rights are the same if they are determined by a formula applied uniformly.

12. "Commission" means the Arizona corporation commission.

13. "Conspicuous" means so written that a reasonable person against whom the writing is to operate should have noticed it. For example, printing in italics, boldface or contrasting color or typing in capitals or underlined is conspicuous.

14. "Corporation" or "domestic corporation" means a nonprofit corporation that is not a foreign corporation and that is incorporated under or subject to chapters 24 through 40 of this title.

15. "Corporation sole" means a corporation formed pursuant and subject to chapter 42, article 1 of this title.

16. "Court" means the superior court of this state.

17. "Delegates" means those persons elected or appointed to vote in a representative assembly for the election of a director or directors or on other matters.

18. "Deliver" includes **sending by** mail, private courier, fax or electronic ~~mail~~ **transmission** .

19. "Delivery" means actual receipt by the person or entity to which directed **and for electronic transmissions means receipt as described in section 44-7015, subsection B** .

20. "Directors" or "trustees" means individuals, designated in the articles of incorporation or bylaws or elected by the incorporators, and their successors and individuals elected or appointed by any other name or title to act as members of the board.

21. "Dissolved" means the status of a corporation on either:

WESTLAW   © 2020 Thomson Reuters. No claim to original U.S. Government Works.   18

(a) Effectiveness of articles of dissolution pursuant to section 10-11403, subsection B or section 10-11421, subsection B.

(b) A decree pursuant to section 10-11433, subsection B becoming final.

22. "Distribution" means a direct or indirect transfer of money or other property or incurrence of indebtedness by a corporation to or for the benefit of its members in respect of any of its membership interests. A distribution may be in the form of any of the following:

(a) A declaration of payment of a dividend.

(b) Any purchase, redemption or other acquisition of membership interests.

(c) A distribution of indebtedness.

(d) Otherwise.

23. "Effective date of notice" is prescribed in section 10-3141.

24. "Electronic ~~mail~~ **transmission** " means an electronic record as defined in section 44-7002 and that is sent pursuant to section 44-7015, subsection A.

25. "Employee" means an officer, director or other person who is employed by the corporation.

26. "Entity" includes a corporation, foreign corporation, not for profit corporation, business corporation, foreign business corporation, profit and not for profit unincorporated association, close corporation, corporation sole, limited liability company or registered limited liability partnership, a professional corporation, association or limited liability company or registered limited liability partnership, a business trust, estate, partnership, trust or joint venture, two or more persons having a joint or common economic interest, any person other than an individual and a state, the United States and a foreign government.

27. "Executed by the corporation" means executed by manual or facsimile signature on behalf of the corporation by a duly authorized officer or, if the corporation is in the hands of a receiver or trustee, by the receiver or trustee.

28. "Filing" means the commission completing the following procedure with respect to any document delivered for that purpose:

(a) Determining that the filing fee requirements of this title have been satisfied.

(b) Determining that the document appears in all respects to conform to the requirements of chapters 24 through 40 of this title.

(c) On making the determinations, endorsement of the word "filed" with the applicable date on or attached to the document and the return of ~~copies~~ **notice of the filing** to the person who delivered the document or the person's representative.

29. "Foreign corporation" means a corporation that is organized under a law other than the law of this state and that would be a nonprofit corporation if formed under the laws of this state.

30. "Governmental subdivision" includes an authority, county, district, municipality and political subdivision.

31. "Includes" and "including" denotes a partial definition.

WESTLAW  © 2020 Thomson Reuters. No claim to original U.S. Government Works. 19

32. "Individual" includes the estate of an incompetent individual.

33. "Insolvent" means inability of a corporation to pay its debts as they become due in the usual course of its business.

34. "Known place of business" means the known place of business required to be maintained pursuant to section 10-3501.

35. "Mail", "to mail" or "have mailed" means to deposit or have deposited a communication in the United States mail with first class postage prepaid.

36. "Means" denotes an exhaustive definition.

37. "Member" means, without regard to what a person is called in the articles of incorporation or bylaws, any person or persons who, pursuant to a provision of a corporation's articles of incorporation or bylaws, have the right to vote for the election of a director or directors. A person is not a member by virtue of any of the following:

(a) Any rights that person has as a delegate.

(b) Any rights that person has to designate a director or directors.

(c) Any rights that person has as a director.

(d) Being referred to as a member in the articles of incorporation, bylaws or any other document, if the person does not have the right to vote for the election of a director or directors.

38. "Membership" refers to the rights and obligations a member or members have pursuant to a corporation's articles of incorporation ~~,~~ **and** bylaws and chapters 24 through 40 of this title.

39. "Newspaper" has the same meaning prescribed in section 39-201.

40. "Notice" and "notify" are prescribed in section 10-3141.

41. "Person" includes individual and entity.

42. "President" means that officer designated as the president in the articles of incorporation or bylaws or, if not so designated, that officer authorized in the articles of incorporation, bylaws or otherwise to perform the functions of the chief executive officer, irrespective of the name by which designated.

43. "Principal office" means the office, in or out of this state, so designated in the annual report where the principal executive offices of a domestic or foreign corporation are located or in any other document executed by the corporation by an officer and delivered to the commission for filing. If an office has not been so designated, principal office means the known place of business of the corporation.

44. "Proceeding" includes a civil suit and a criminal, administrative and investigatory action.

45. "Publish" means to publish in a newspaper of general circulation in the county of the known place of business for three consecutive publications.

WESTLAW   © 2020 Thomson Reuters. No claim to original U.S. Government Works.    20

46. "Record date" means the date, if any, established under chapter 29 or 30 of this title on which a corporation determines the identity of its members and their membership interests for purposes of chapters 24 through 40 of this title. The determinations shall be made as of the close of business on the record date unless another time for doing so is specified when the record date is fixed.

47. "Secretary" means that officer designated as the secretary in the articles of incorporation or bylaws or that officer authorized in the articles of incorporation, the bylaws or otherwise to perform the functions of secretary, irrespective of the name by which designated.

48. "State" if referring to a part of the United States, includes a state and commonwealth and their agencies and governmental subdivisions and a territory and insular possession of the United States and their agencies and governmental subdivisions.

49. "Treasurer" means that officer designated as the treasurer in the articles of incorporation or bylaws or that officer authorized in the articles of incorporation, bylaws or otherwise to perform the functions of treasurer, irrespective of the name by which designated.

50. "United States" includes a district, authority, bureau, commission and department and any other agency of the United States.

51. "Vice-president" means an officer designated as a vice-president in the articles of incorporation or bylaws or an officer authorized in the articles of incorporation ~,~ **or** the bylaws or otherwise to perform the functions of a vice-president, irrespective of the name by which designated.

52. "Vote" includes authorization by written ballot and written consent.

53. "Voting power" means the total number of votes entitled to be cast for the election of directors at the time the determination of voting power is made, excluding a vote that is contingent on the happening of a condition or event that has not occurred at the time. If a class is entitled to vote as a class for directors, the determination of voting power of the class shall be based on the percentage of the number of directors the class is entitled to elect out of the total number of authorized directors.

Sec. 15. Section 10-3141, Arizona Revised Statutes, is amended to read:

10-3141 . Notice

A. Notice under chapters 24 through 40 of this title must be in writing unless oral notice is reasonable under the circumstances. Oral notice is not permitted if written notice is required under chapters 24 through 40 of this title.

B. Notice may be communicated in person, by telephone, telegraph, teletype, fax, electronic ~mail~ **transmission** or other form of wire or wireless communication, or by mail or private carrier. If these forms of personal notice are impracticable, notice may be communicated by a newspaper of general circulation in the area where published or by radio, television or other form of public broadcast communication.

C. Written notice by a domestic or foreign corporation to its members or directors, if in comprehensible form, is effective when mailed, if correctly addressed to the member's **or director's** address shown on the corporation's current list of members or directors. Notice given by electronic ~mail~ **transmission** , if in comprehensible form, is effective when directed to an ~electronic mail~ **e-mail** address shown on the corporation's current list of members or directors.

Case 2:20-ap-00169-DPC   Doc 28   Filed 09/21/20   Entered 09/21/20 13:36:45   Desc
Main Document    Page 32 of 51

D. A written notice or report by a domestic or foreign corporation to its members delivered as part of a newsletter, magazine or other publication regularly sent to members shall constitute a written notice or report if addressed or delivered to the member's address shown in the corporation's current list of members, or in the case of members who are residents of the same household and who have the same address in the corporation's current list of members, if addressed or delivered to one of such members, at the address appearing on the current list of members.

E. Written notice to a domestic or foreign corporation that is authorized to transact business in this state, other than in its capacity as a member, may be addressed to its statutory agent at its known place of business or to the corporation or its secretary at its principal office shown in its most recent annual report on file with the commission, or in the case of a foreign corporation that has not yet delivered an annual report in its application for a certificate of authority. **Unless otherwise prohibited in chapters 24 through 40 of this title, written notice may also be given by electronic transmission when directed to an e-mail address that the corporation or its statutory agent provides.**

F. Except as provided in subsection C of this section , written notice, if in a comprehensible form, is effective at the earliest of the following:

1. When received.

2. Five days after its deposit in the United States mail as evidenced by the postmark, if mailed postpaid and correctly addressed.

3. On the date shown on the return receipt, if sent by registered or certified mail, return receipt requested, and if the receipt is signed by or on behalf of the addressee.

G. Oral notice is effective when communicated if communicated in a comprehensible manner.

H. If chapters 24 through 40 of this title prescribe notice requirements for particular circumstances, those requirements govern. If articles of incorporation or bylaws prescribe notice requirements that are not inconsistent with this section or other provisions of chapters 24 through 40 of this title those requirements govern.

Sec. 16. Section 10-3502, Arizona Revised Statutes, is amended to read:

10-3502 . Change of known place of business and statutory agent

A. A corporation may change its known place of business or statutory agent by delivering to the commission for filing a statement of change that may be the annual report and that sets forth:

1. The name of the corporation.

2. The street address of its current known place of business.

3. **2.** If the current known place of business is to be changed, the street address of the new known place of business.

4. The name and street address of its current statutory agent.

5. **3.** If the current statutory agent is to be changed, the name and street address of the new statutory agent and the new agent's written consent to the appointment.

B. The statement of change shall be executed by the corporation by an officer and delivered to the commission. The change or changes set forth in the statement of change are effective on delivery to the commission for filing.

C. If the statutory agent changes its street address, it shall give written notice to the corporation of the change and sign, either manually or in facsimile **by fax** , and deliver to the commission for filing a statement that complies with the requirements of subsection A **of this section** and that recites that the corporation has been given written notice of the change. The change or changes set forth in the statement are effective on delivery to the commission for filing.

Sec. 17. Section 10-3504, Arizona Revised Statutes, is amended to read:

10-3504. Service on corporation

A. The statutory agent appointed by a corporation is an agent of the corporation on whom process, notice or demand that is required or permitted by law to be served on the corporation may be served and that, when so served, is lawful personal service on the corporation.

B. If a corporation fails to appoint or maintain a statutory agent at the address shown on the records of the commission, the commission is an agent of the corporation on whom any process, notice or demand may be served. Pursuant to the Arizona rules of civil procedure, service on the commission of any process, notice or demand for an entity that is registered pursuant to this title shall be made by delivering to and leaving with the commission duplicate copies of the process, notice or demand, and the commission shall immediately cause one of the copies of the process, notice or demand to be forwarded by mail, addressed to the corporation at its known place of business. Service made on the commission is returnable pursuant to applicable law relative to personal service on the corporation. If service is made on the commission, whether under this chapter or a rule of court, the corporation has thirty days to respond in addition to the time otherwise provided by law.

C. The commission shall keep a permanent record of all processes, notices and demands served on it under this section and shall record in the record the time of the service and its action with reference to the service.

D. Notice required to be served on a corporation pursuant to section 10-11421 or 10-11422 may be served:

1. By mail addressed to the statutory agent of the corporation or, if the corporation fails to appoint and maintain a statutory agent, addressed to the known place of business required to be maintained pursuant to section 10-3501.

**2. By electronic transmission to the statutory agent or to the corporation, or both.**

2. **3.** Pursuant to the rules for service of process authorized by the Arizona rules of civil procedure.

Sec. 18. Section 10-3823, Arizona Revised Statutes, is amended to read:

10-3823 . Waiver of notice

A. A director may waive any notice required by chapters 24 through 40 of this title, the articles of incorporation or bylaws before or after the date and time stated in the notice. Except as provided in subsection B of this section, the waiver shall be

WESTLAW  © 2020 Thomson Reuters. No claim to original U.S. Government Works.  23

in writing and signed by the director entitled to the notice, or by electronic ~~mail~~ **transmission,** and filed with the minutes or corporate records.

B. A director's attendance at or participation in a meeting waives any required notice to the director of the meeting unless the director at the beginning of the meeting or promptly on the director's arrival at the meeting objects to holding the meeting or transacting business at the meeting and does not thereafter vote for or assent to action taken at the meeting.

C. For the purposes of this section, a waiver may be signed using an electronic signature as defined in section 44-7002.

Sec. 19. Section 10-11403, Arizona Revised Statutes, is amended to read:

10-11403 . Articles of dissolution

A. At any time after dissolution is authorized, the corporation may dissolve by delivering to the commission articles of dissolution setting forth all of the following:

1. The name of the corporation.

2. The date dissolution was authorized.

3. A statement that the dissolution was duly authorized by an act of the members or an act of the board of directors and, if applicable, with the approval required pursuant to section 10-11402.

B. A corporation is dissolved on the effective date of its articles of dissolution.

C. The articles of dissolution shall not be considered complete until all fees, penalties and costs required to be paid under this title have been paid.

D. Within sixty days after the commission approves the filing, either of the following must occur:

1. A copy of the articles of dissolution shall be published. An affidavit evidencing the publication may be filed with the commission.

2. The commission shall input the information regarding the approval into the database as prescribed by section 10-130.

E. The articles of dissolution are not complete until the commission has received a notice from the department of revenue that the tax levied under title 42, chapter 5, article 1 against the corporation has been paid, or until the department of revenue notifies the commission that the corporation is not subject to the tax and the commission has received from the department of revenue a certificate issued by the department of revenue pursuant to section 43-1151.

**F. Notwithstanding subsection C of this section, if an annual report becomes due on or after the first date on which the articles of dissolution are delivered to the commission for filing, the annual report requirement prescribed in section 10-11622 is suspended for a period of six months after the first date on which the articles of dissolution are delivered to the commission for filing. On the expiration of the six-month suspension, if the articles of dissolution are not approved for filing or if the corporation is administratively dissolved pursuant to section 10-11420, paragraph 9, all past due annual reports required by section 10-11622, together with fees, are owed as if the suspension never occurred** .

Sec. 20. Section 10-11504, Arizona Revised Statutes, is amended to read:

10-11504 . Delivery of changes; changes requiring amendment to application for authority

A. Whenever the articles of incorporation of a foreign corporation authorized to conduct affairs in this state are amended or restated by merger or otherwise, within sixty days after the amendment or restatement becomes effective, the foreign corporation shall deliver to the commission a copy of the amendment or restatement duly authenticated by the secretary of state or other official having custody of corporate records in the state or country where the foreign corporation is incorporated.

B. **In addition to the requirement prescribed in subsection A of this section,** a foreign corporation authorized to conduct affairs in this state shall ~~obtain new authority from the commission by complying with section 10-11503~~ **amend its application for authority by filing with the commission articles of amendment to application for authority** if ~~it changes~~ any of the following **occurs** :

1. **The foreign corporation changes** its actual corporate name under which it has obtained authority to conduct affairs in this state pursuant to section 10-11503, subsection A, paragraph 1.

2. The **foreign corporation changes its** period of ~~its~~ duration.

3. The **foreign corporation changes its** state or country of ~~its~~ incorporation.

**4. A statement in the application for authority was inaccurate when made.**

Sec. 21. Section 10-11506, Arizona Revised Statutes, is amended to read:

10-11506 . Corporate name of foreign corporation

A. If the corporate name of a foreign corporation does not satisfy the requirements of section 10-3401, to obtain or maintain a grant of authority to conduct affairs in this state the foreign corporation shall use a fictitious name that satisfies the requirements of section 10-3401 to conduct affairs in this state if its real name is unavailable and it delivers to the commission for filing a copy of the resolution of its board of directors, certified by a duly authorized officer, adopting the fictitious name. The foreign corporation shall not include language in its corporate name stating or implying that the foreign corporation is organized for a purpose other than that permitted by section 10-3301 and its articles of incorporation.

B. Except as authorized by subsection C of this section, the corporate name, including a fictitious name, of a foreign corporation shall be distinguishable from:

1. The corporate name of a corporation incorporated under this title or a foreign nonprofit, not for profit, business or close corporation authorized to transact business or conduct affairs in this state.

2. A corporate name reserved under section 10-402 or 10-3402 or registered under section 10-403 or 10-3403.

3. The fictitious name of another foreign business or nonprofit corporation.

4. The partnership name of a limited partnership organized and registered under the laws of this state or of a foreign limited partnership authorized to transact business in this state.

5. The name of a limited liability company organized under title 29, chapter 4 or a foreign limited liability company authorized to transact business in this state.

6. The name of a registered limited liability partnership registered under title 29, chapter 5, article 10 or a foreign registered limited liability partnership authorized to transact business in this state.

7. A trade name registered pursuant to title 44, chapter 10, article 3.1.

C. A corporation may apply to the commission for authorization to use a name that is not distinguishable from one or more of the names described in subsection B of this section. The commission shall authorize use of the name applied for if either:

1. The other corporation consents to the use in writing and submits an undertaking in a form satisfactory to the commission to change its name to a name that is distinguishable from the name of the applying corporation.

2. The applicant delivers to the commission a certified copy of a final judgment of a court of competent jurisdiction establishing the applicant's right to use the name applied for in this state.

D. A corporation may use the name, including a fictitious name, of another domestic or foreign business or nonprofit corporation that is used in this state if the other corporation is incorporated or authorized to transact business or conduct affairs in this state and the proposed user corporation either has:

1. Merged with the other corporation.

2. Been formed by reorganization of the other corporation.

3. Acquired all or substantially all of the assets, including the corporate name, of the other corporation.

E. Chapters 24 through 42 of this title do not control the use of fictitious names.

F. If a foreign corporation authorized to transact business in this state changes its corporate name to one that does not satisfy the requirements of section 10-3401, it may not transact business in this state under the changed name until it adopts a name satisfying the requirements of section 10-3401 and ~~obtains new~~ **amends its application for** authority under section 10-11504.

Sec. 22. Section 10-11510, Arizona Revised Statutes, is amended to read:

10-11510. Service on foreign corporation

A. The statutory agent appointed by a foreign corporation is an agent of the foreign corporation on whom process, notice or demand that is required or permitted by law to be served on the foreign corporation may be served and that, when so served, is lawful personal service on the foreign corporation.

B. If a foreign corporation fails to appoint or maintain a statutory agent at the address shown on the records of the commission, the commission is an agent of the foreign corporation on whom any process, notice or demand may be served. Pursuant to the

Arizona rules of civil procedure, service on the commission of any process, notice or demand for an entity that is registered pursuant to this title shall be made by delivering to and leaving with the commission duplicate copies of the process, notice or demand, and the commission shall immediately cause one of the copies of the process, notice or demand to be forwarded by mail, addressed to the foreign corporation at its known place of business. Service made on the commission is returnable pursuant to applicable law relative to personal service on the foreign corporation. If service is made on the commission, whether under this chapter or a rule of court, the foreign corporation has thirty days to respond in addition to the time otherwise provided by law.

C. The commission shall keep a permanent record of all processes, notices and demands served on it under this section and shall record in the record the time of the service and its action with reference to the service.

D. Notice required to be served on a foreign corporation pursuant to section 10-11531 may be served:

1. By mail addressed to the statutory agent of the foreign corporation or, if the foreign corporation fails to appoint and maintain a statutory agent, addressed to its known place of business in this state or its principal place of business in its state or country of incorporation.

**2. By electronic transmission to the statutory agent or to the corporation, or both.**

2.  **3.**  Pursuant to the rules for service of process authorized by the Arizona rules of civil procedure.

Sec. 23. Section 10-11520, Arizona Revised Statutes, is amended to read:

10-11520 . Withdrawal of foreign corporation

A. A foreign corporation authorized to conduct affairs in this state shall not withdraw from this state until the commission files its application for withdrawal.

B. A foreign corporation authorized to conduct affairs in this state may apply to surrender the authority by delivering an application to the commission for filing. The application shall set forth:

1. The name of the foreign corporation and the name of the state or country under whose law it is incorporated.

2. That it is not conducting affairs in this state and that it surrenders its authority to conduct affairs in this state.

3. That the foreign corporation revokes the authority of its statutory agent to accept service on its behalf and appoints the commission as its agent for service of process in any proceeding based on a cause of action arising during the time it was authorized to conduct affairs in this state.

4. A mailing address to which the commission may mail a copy of any process served on the commission pursuant to its appointment as the foreign corporation's agent for service of process.

5. A commitment to notify the commission in the future of any change in the foreign corporation's mailing address.

C. The application for withdrawal is not considered complete until the commission has received a notice from the department of revenue to the effect that the tax levied under title 42, chapter 5, article 1 against the foreign corporation has been paid or

until it is notified by the department of revenue that the applicant is not subject to the tax and further has received from the department of revenue its certificate issued pursuant to section 43-1151.

D. The application for withdrawal is not considered complete until all fees, penalties and costs required to be paid under this chapter have been paid.

E. After determining that the application appears in all respects to conform to the requirements of this chapter and when all fees have been paid as are prescribed in this chapter, the commission shall file the application in the manner provided in section 10-3120. On the filing of the application for withdrawal, the authority of the foreign corporation to transact business in this state ceases.

F. Within sixty days after the commission approves the filing, either of the following must occur:

1. A copy of the application for withdrawal shall be published. An affidavit evidencing the publication may be filed with the commission.

2. The commission shall input the information regarding the approval into the database as prescribed by section 10-130.

G. After the withdrawal of the corporation is effective, service of process on the commission under this section is service on the foreign corporation. On receipt of process, the commission shall mail a copy of the process to the foreign corporation at the mailing address set forth in its application for withdrawal.

**H. Notwithstanding subsection D of this section, if an annual report becomes due on or after the first date on which an application for withdrawal is delivered to the commission for filing, the annual report requirement prescribed in section 10-11622 is suspended for a period of six months after the first date on which the application for withdrawal is delivered to the commission for filing. On expiration of the six-month suspension, if the application for withdrawal is not approved for filing or if the authority of the corporation to conduct affairs is revoked pursuant to section 10-11530, paragraph 10, all past due annual reports required by section 10-11622, together with fees, are owed as if the suspension never occurred** .

Sec. 24. Section 10-11530, Arizona Revised Statutes, is amended to read:

10-11530 . Grounds for revocation

The commission may commence a proceeding under section 10-11531 to revoke the authority of a foreign corporation to conduct affairs in this state if any of the following conditions exist:

1. The foreign corporation does not deliver the annual report to the commission within the time required by chapters 24 through 40 of this title.

2. The foreign corporation does not pay any fees or penalties imposed by chapters 24 through 40 of this title when they become due and payable.

3. The foreign corporation is without a statutory agent or known place of business in this state for sixty days or more.

4. The foreign corporation does not inform the commission that its statutory agent or its known place of business has changed or that its statutory agent has resigned within sixty days ~~of~~ **after** the change or resignation.

5. The foreign corporation has failed to make any publication required by this title, provided the commission has notified the foreign corporation of the intent of the commission to commence a revocation proceeding for that reason and the foreign corporation has failed to file an affidavit or other appropriate evidence of publication within sixty days after that notice.

6. An incorporator, director, officer or agent of the foreign corporation signed a document such person knew was false in any material respect with intent that the document be delivered to the commission for filing.

7. The commission receives a duly authenticated certificate from the secretary of state or other official having custody of corporate records in the state or country under whose law the foreign corporation is incorporated stating that it has been dissolved or disappeared as the result of a merger.

8. The corporation has failed to file a certificate of disclosure or answer interrogatories as prescribed in chapters 24 through 40 of this title.

9. Any officer or other representative of the corporation has made any misrepresentation of a material matter in any application, report or other document submitted by the corporation pursuant to chapters 24 through 40 of this title.

**10. The corporation has failed to pay fees, penalties and costs required under this chapter or to comply with section 10-11520, subsection F or the commission has not received the notice required by section 10-11520, subsection C within six months after filing the application for withdrawal.**

Sec. 25. Section 10-11531, Arizona Revised Statutes, is amended to read:

10-11531 . Procedure for and effect of revocation; reinstatement

A. If the commission determines that one or more grounds exist under section 10-11530 for revocation of a grant of authority, the commission shall serve the foreign corporation with written notice of the determination under section 10-11510.

B. If the foreign corporation does not correct each ground for revocation or demonstrate to the reasonable satisfaction of the commission that each ground for revocation determined by the commission does not exist within sixty days after service of the notice is perfected under section 10-11510, the commission may revoke the foreign corporation's grant of authority by signing a certificate of revocation that recites the ground or grounds for revocation and its effective date. The commission shall file the original of the certificate and serve a copy on the foreign corporation under section 10-11510.

C. The authority of a foreign corporation to conduct affairs in this state ceases on the date shown on the certificate revoking its grant of authority.

D. The commission's revocation of a foreign corporation's grant of authority appoints the commission the foreign corporation's agent for service of process in any proceeding based on a cause of action that arose during the time the foreign corporation was authorized to conduct affairs in this state. Service of process on the commission under this subsection is service on the foreign corporation. On receipt of process, the commission shall mail a copy of the process to the secretary of the foreign corporation at its principal office shown in its most recent annual report or in any subsequent communication received from the foreign corporation stating the current mailing address of its principal office, or, if none is on file, in its application for authority.

WESTLAW    © 2020 Thomson Reuters. No claim to original U.S. Government Works.

E. Revocation of a foreign corporation's grant of authority does not terminate the authority of the statutory agent of the corporation.

F. A foreign corporation whose authority is revoked pursuant to this section may apply to the commission for reinstatement within six years after the effective date of the revocation. The application shall state both:

1. The name of the foreign corporation and the effective date of the foreign corporation's revocation of authority.

2. That the ground or grounds for the revocation either did not exist or have been eliminated.

G. If the commission determines that the application contains the information prescribed in subsection F of this section and that the information is correct, the commission shall do all of the following:

1. Cancel the certificate of revocation.

2. Prepare a certificate of reinstatement that states the determination and the effective date of the reinstatement.

3. File the original of the certificate of reinstatement.

4. Serve a copy on the foreign corporation pursuant to section 10-11510.

H. After the reinstatement becomes effective, the reinstatement relates back to and takes effect as of the effective date of the revocation, and the foreign corporation shall resume its business as if the revocation had never occurred.

I. If the corporation has not applied for reinstatement within six months after the effective date of the dissolution, the commission shall release the corporation name pursuant to chapters 24 through 40 of this title or for use by a person intending to register the name as a trade name pursuant to title 44, chapter 10, article 3.1. If another corporation has adopted the name of the foreign corporation or another person has adopted the name of the foreign corporation as a trade name, the foreign corporation shall attach to the application for reinstatement ~~an application for new~~ **articles of amendment to application for** authority and shall adopt a fictitious name for use in this state that satisfies the requirements of sections 10-11504 and 10-11506.

Sec. 26. Title 10, chapter 39, article 3, Arizona Revised Statutes, is amended by adding section 10-11636, to read:

10-11636. Civil liability for false or misleading filings; exceptions

**A. Except as provided in subsection C or D of this section, any person that authorizes or signs a report, certificate, notice or other document with respect to a corporation that is delivered for filing with the commission pursuant to this chapter and that has knowledge at the time of delivery to the commission for filing that the information contained in that report, certificate, notice or other document is materially false or misleading is liable to the corporation and its creditors for all damages resulting from the act. The prevailing party in an action for the liability imposed under this subsection is entitled to an award for the prevailing party's costs and reasonable attorney fees.**

**B. An action for the liability imposed by subsection A of this section must be commenced within two years after the discovery of the false or misleading statement or the time a reasonable person would have discovered it, but not later than six years after the report, certificate, notice or other document was filed or received by the commission.**

WESTLAW    © 2020 Thomson Reuters. No claim to original U.S. Government Works.    30

**C. Execution of a consent to serve as a statutory agent does not by itself constitute a certification of the truth or accuracy of the information contained in a report, certificate, notice or other document with respect to the corporation even if the consent is attached to another filing.**

**D. This section does not prevent the award of equitable remedies, if appropriate** .

Sec. 27. Section 29-601, Arizona Revised Statutes, is amended to read:

29-601 . Definitions

In this chapter, unless the context otherwise requires:

1. "Articles of organization" means the initial articles of organization as amended or restated from time to time.

2. "Assignee" means any person who acquires in any manner the ownership of an interest in a limited liability company and who has not been admitted as a member.

3. "Capital contribution" means cash, other property, the use of property, services rendered or any other valuable consideration transferred to a limited liability company as consideration for issuing an interest in a limited liability company.

4. "Commission" means the corporation commission.

5. "Court" includes any court and judge with jurisdiction in the case.

**6. "Deliver" includes sending by mail, private courier, fax or electronic transmission.**

**7. "Delivery" means actual receipt by the person to which directed and for electronic transmissions means receipt as described in section 44-7015, subsection B.**

6. **8.** "Domestic limited liability company" or "limited liability company" means a limited liability company organized and existing under this chapter.

**9. "Electronic transmission" means an electronic record as defined in section 44-7002 that is sent pursuant to section 44-7015, subsection A.**

7. **10.** "Event of withdrawal" means an event that causes a person to cease to be a member as provided in section 29-733.

8. **11.** "Executed" means executed by manual or facsimile signature on behalf of the limited liability company by a duly authorized member if management of the limited liability company is reserved to the members or manager if management of the limited liability company is vested in a manager, or if the limited liability company is in the hands of a receiver or trustee, by the receiver or trustee.

9. **12.** "Filing" means the commission completing the following procedure with respect to any document delivered for that purpose:

(a) Determining that the filing fee requirements of this chapter have been satisfied.

(b) Determining that the document appears in all respects to conform to the requirements of this chapter.

(c) On making the determinations required by this paragraph, endorsement of the word "filed" with the applicable date on or attached to the document and the return of ~~copies~~ **notice of the filing** to the person who delivered the document or the person's representative.

~~10.~~ **13.** "Foreign limited liability company" means either:

(a) An unincorporated entity or association that is owned by one or more persons that have limited liability for the debts of the business, other than a partnership or trust, and that is formed under the laws of a jurisdiction other than this state for any lawful purpose, including the rendering of professional services as defined in that jurisdiction.

(b) An entity or unincorporated association that is formed under the laws of a jurisdiction other than this state for any lawful purpose, including the rendering of professional services as defined in that jurisdiction, and that is characterized as a limited liability company by those laws.

~~11.~~ **14.** "Initial articles of organization" means the articles of organization filed with the commission at the time a limited liability company is formed, including articles of organization that are corrected to conform to the filing provisions of this chapter pursuant to section 29-634, subsection C, paragraph 2.

~~12.~~ **15.** "Member" means a person who is admitted as a member in a limited liability company pursuant to this chapter until an event of withdrawal occurs with respect to the person and, if reference is made to members, that reference means a member in the case of a limited liability company that has a single member. A member includes a noneconomic member of a limited liability company who:

(a) Does not own a member's interest in the company.

(b) Does not have an obligation to contribute capital to the company.

(c) Does not have a right to participate in or receive distributions of profits of the company or an obligation to contribute to the losses of the company.

(d) May have voting rights and other rights and privileges as prescribed by the articles of organization or operating agreement.

~~13.~~ **16.** "Member's interest", "interest in a limited liability company" or "interest in the limited liability company" means a member's share of the profits and losses of a limited liability company and the right to receive distributions of limited liability company assets.

~~14.~~ **17.** "Operating agreement" means either:

(a) Any written or oral agreements among all members concerning the affairs of a limited liability company or the conduct of its business.

(b) In the case of a limited liability company that has a single member, any written or oral statement of the member made in good faith purporting to govern the affairs of a limited liability company or the conduct of its business as of the effective time of the statement.

WESTLAW   © 2020 Thomson Reuters. No claim to original U.S. Government Works.   32

~~15.~~ **18.** "Person" includes any individual, general partnership, limited partnership, domestic or foreign limited liability company, corporation, trust, business trust, real estate investment trust, estate and other association.

~~16.~~ **19.** "Real property" includes land, any interest, leasehold or estate in land and any improvements on it.

~~17.~~ **20.** "State" means a state, possession or territory of the United States, the District of Columbia or the Commonwealth of Puerto Rico.

Sec. 28. Title 29, chapter 4, article 1, Arizona Revised Statutes, is amended by adding section 29-601.01, to read:

29-601.01. Notice

**A. Notice under this chapter must be in writing unless oral notice is reasonable under the circumstances. Oral notice is not allowed if written notice is required under this chapter.**

**B. Notice may be communicated in person, by telephone, telegraph, teletype, fax, electronic transmission or other form of wire or wireless communication or by mail or private carrier. If these forms of personal notice are impracticable, notice may be communicated by a newspaper of general circulation in the area where published or by radio, television or other form of public broadcast communication.**

**C. If in comprehensible form, written notice by a domestic or foreign limited liability company to its members or managers is effective when mailed if correctly addressed to the member's or manager's address shown on the limited liability company's current list of members or managers. If in comprehensible form, notice given by electronic transmission is effective when directed to an e-mail address shown on the limited liability company's current list of members or managers.**

D. Written notice to a domestic or foreign limited liability company that is authorized to transact business in this state may be addressed to its statutory agent or to its known place of business in this state or, for a foreign limited liability company, to its principal office address in its application for registration. Unless otherwise prohibited in this chapter, written notice may also be given by electronic transmission when directed to an e-mail address that the limited liability company or its statutory agent provides.

E. if in a comprehensible form, Written notice is effective at the earliest of the following:

1. When received.

2. Five days after its deposit in the united states mail as evidenced by the postmark, if mailed postpaid and correctly addressed.

3. On the date shown on the return receipt, if sent by registered or certified mail, return receipt requested, and if the receipt is signed by or on behalf of the addressee.

F. Oral notice is effective when communicated if communicated in a comprehensible manner.

G. If this chapter prescribes notice requirements for particular circumstances, those requirements govern. If the articles of organization or the operating agreement prescribe notice requirements that are not inconsistent with this section or other provisions of this chapter, those requirements govern.

Sec. 29. Section 29-605, Arizona Revised Statutes, is amended to read:

29-605 . Change of known place of business, statutory agent or statutory agent's street address

A. A limited liability company may change its known place of business or statutory agent, or both, by delivering to the commission a statement setting forth:

1. The name of the limited liability company.

2. The address of its current known place of business.

3. **2.** If the **current** address of its known place of business is to be changed, the **street address of the** new address to which the known place of business is to be changed .

4. The name and street address of its current statutory agent.

5. **3.** If its statutory agent or the statutory agent's street address is to be changed, the name and street address of its successor statutory agent or the statutory agent's new street address.

B. The statement required by subsection A of this section shall be executed by either a manager of the limited liability company if management of the limited liability company is vested in one or more managers or a member of the limited liability company if management of the limited liability company is reserved to the members. The change of address of the known place of business or statutory agent is effective on delivery of the statement to the commission. The appointment of a new statutory agent is effective on delivery of the statement to the commission and on receipt by the commission of evidence that the new statutory agent accepted the appointment pursuant to section 29-604, subsection B.

C. A statutory agent of a limited liability company may resign as agent by delivering a written executed notice to the commission. The commission shall mail a copy of the notice to the limited liability company at its known place of business. The appointment of the agent terminates thirty-one days after receipt of the notice by the commission or on the appointment of a new statutory agent, whichever occurs first.

D. If a statutory agent changes its street address to another place in this state, it may change the address by delivering a statement to the commission as required by subsection A of this section, except that it need be signed only by the statutory agent. The statement shall recite that a copy of it has been mailed to the limited liability company.

Sec. 30. Section 29-605.01, Arizona Revised Statutes, is amended to read:

29-605.01. Change of address of a member or manager

A. A limited liability company may change the address of one or more of its managers or members by delivering to the commission a statement setting forth:

1. The name of the limited liability company.

2. The current address of the members or managers.

WESTLAW © 2020 Thomson Reuters. No claim to original U.S. Government Works.

~~3.~~ **2.** The **name of each member or manager whose address is changing and the** new address of ~~the~~ **each of those** members or managers.

B. The statement required by subsection A **of this section** shall be executed by either:

1. A manager of the limited liability company if management of the limited liability company is vested in one or more managers.

2. A member of the limited liability company if management of the limited liability company is reserved to the members.

Sec. 31. Section 29-634, Arizona Revised Statutes, is amended to read:

29-634 . Filing with the commission

A. The signed original articles of organization, the application for a certificate of registration or any other document required to be filed pursuant to this chapter shall be delivered to the commission. The commission shall file a document delivered to the commission for filing if all of the following apply:

1. The commission determines that the document conforms to the filing provisions of this chapter.

2. The limited liability company filing the document or on whose behalf the document is being filed is in good standing within the meaning of section 29-614.

3. All fees required pursuant to section 29-851 have been paid.

B. The commission may file a document delivered to the commission in which either the limited liability company has filed articles of termination or the limited liability company has filed a document that is required to bring the limited liability company into good standing. The commission shall:

1. Endorse, stamp or attach on the original document the word "filed" and the date and time of its acceptance for filing.

2. Retain the signed original document in the commission's files.

3. Return ~~a copy~~ **notice** of the ~~filed document~~ **filing** to the person who filed it or the person's representative.

C. If the commission is unable to make the determination required for filing by subsection A of this section at the time any documents are delivered for filing, the documents are deemed to have been filed at the time of delivery if the commission subsequently determines either of the following:

1. The documents as delivered conform to the filing provisions of this chapter.

2. Within thirty days after notification of nonconformance is given by the commission to the person who delivered the documents for filing or the person's representative, the documents are brought into conformance.

D. A document may specify a delayed effective time or date, or both, and is effective at that specified time and date. If the document specifies a delayed effective date but does not specify the time, the document is effective on the specified date at

WESTLAW    © 2020 Thomson Reuters. No claim to original U.S. Government Works.    35

12:01 a.m. mountain standard time. A delayed effective date for a document may not be later than the ninetieth day after the date the document is delivered to the commission for filing.

E. If the filing and determination requirements of this chapter are not satisfied completely within the time prescribed in subsection C, paragraph 2 of this section, the documents shall not be filed.

Sec. 32. Section 29-786, Arizona Revised Statutes, is amended to read:

29-786 . Administrative dissolution

A. The commission may administratively dissolve a limited liability company in the manner provided by this section if the limited liability company either:

1. Fails to amend its articles of organization as required by section 29-633, subsection B.

2. ~~Has failed~~ **Fails** to make any publication required by this chapter.

3. Is without a statutory agent or known place of business in this state for at least sixty days.

4. Does not notify the commission within sixty days after its statutory agent or known place of business has changed or within sixty days after its statutory agent has resigned.

5. Fails to respond to interrogatories as prescribed in section 29-612.

6. Fails to pay any fees or penalties required pursuant to this chapter within sixty days after the fees or penalties are due.

**7. Is dissolved pursuant to section 29-781, paragraph 1.**

B. If the commission determines that one or more grounds exist under subsection A of this section for dissolving a limited liability company, it shall give written notice of its determination **by electronic transmission or** by mail addressed to the statutory agent of the limited liability company, or if the limited liability company fails to appoint and maintain a statutory agent, addressed to the known place of business required to be maintained pursuant to section 29-604, subsection A, paragraph 1.

C. If the limited liability company does not correct each ground for dissolution or demonstrate to the reasonable satisfaction of the commission that each ground determined by the commission does not exist within sixty days after service of the notice, the commission shall administratively dissolve the limited liability company by signing a certificate of dissolution that recites the ground or grounds for dissolution and its effective date. The commission shall file the original of the certificate and mail a copy to the limited liability company addressed to its statutory agent, or if the limited liability company fails to appoint and maintain a statutory agent, addressed to the known place of business required to be maintained pursuant to section 29-604, subsection A, paragraph 1.

D. A limited liability company administratively dissolved pursuant to this section continues in existence but may not carry on any business except as necessary to wind up and liquidate its business and affairs under section 29-782, subsection B. If the limited liability company has not applied for reinstatement within six months after the effective date of the dissolution, the commission shall release the company name for use in accordance with **this** chapter ~~4 of this title~~ or by a person intending to register the name as a ~~trademark~~ **trade name** pursuant to title 44, chapter 10, article 3.1.

E. A limited liability company administratively dissolved under this section may apply to the commission for reinstatement within six years after the effective date of dissolution. The application shall both:

1. Recite the name of the limited liability company and the effective date of its administrative dissolution.

2. State either that the ground or grounds for dissolution did not exist or that the ground or grounds have been eliminated.

F. If the commission determines that the application contains the information required by subsection E of this section, and that the information is correct, it shall cancel the certificate of dissolution, prepare a certificate of reinstatement that recites this determination and the effective date of reinstatement, file the original of the certificate and mail a copy to the limited liability company addressed to its statutory agent.

G. When the reinstatement is effective, it relates back to and takes effect as of the effective date of the administrative dissolution and the limited liability company resumes carrying on its business as if the administrative dissolution had never occurred. If another company has adopted the name of the limited liability company or another person has adopted the name of the company as a ~~trademark~~ **trade name**, the application shall be accompanied by articles of amendment that are in accordance with **this** chapter ~~4 of this title~~ and that adopt a new name for the limited liability company that complies with **this** chapter ~~4 of this title~~.

H. The administrative dissolution of a limited liability company does not terminate the authority of a statutory agent.

I. A limited liability company that has been administratively dissolved pursuant to this section may bring an action against the commission in superior court to review the commission's refusal to reinstate the limited liability company. The action by the limited liability company shall be brought within six months after the commission's refusal becomes final. The superior court shall hear and determine the action as a trial de novo. In any such action the burden of proof shall be on the party adverse to the commission.

Sec. 33. Section 29-807, Arizona Revised Statutes, is amended to read:

29-807 . Revocation of certificate of registration of foreign limited liability company

A. The certificate of registration of a foreign limited liability company to transact business in this state may be revoked by the commission in the manner provided by subsection B of this section if any of the following events occurs:

1. The foreign limited liability company fails to:

(a) Pay any fees or penalties prescribed by this chapter within sixty days after the fees or penalties are due.

(b) Appoint and maintain a statutory agent as required by this chapter.

(c) File a report on a change in the name or business address of the statutory agent.

(d) ~~File with~~ **Deliver to** the commission any amendment to its application for a certificate of registration as specified in section 29-805.

Case 2:20-ap-00169-DPC    Doc 28    Filed 09/21/20    Entered 09/21/20 13:36:45    Desc
Main Document    Page 48 of 51

(e) Respond to interrogatories as prescribed in section 29-612.

2. A misrepresentation has been made of any material matter in any application, report, affidavit or other document submitted by the foreign limited liability company pursuant to this chapter.

B. The commission shall not revoke a certificate of registration of a foreign limited liability company pursuant to subsection A of this section unless the commission gives the foreign limited liability company at least sixty days' notice of the revocation **by electronic transmission or** by mail addressed to its statutory agent in this state, or if the foreign limited liability company fails to appoint and maintain a statutory agent in this state, addressed to the office required to be maintained pursuant to section 29-802, subsection A, paragraph 5. The notice shall identify the cause for the revocation of the certificate of registration. The authority of the foreign limited liability company to transact business in this state ceases on the expiration of the ~~sixty day~~ **sixty-day** period unless the foreign limited liability company cures the failure stated in the notice.

Sec. 34. Section 29-851, Arizona Revised Statutes, is amended to read:

29-851 . Filing, service and copying fees; expedited filing and services; same day and next day services; posted wait times; advance monies; definition

A. The commission shall collect and deposit, pursuant to sections 35-146 and 35-147, the following nonrefundable fees when the following documents are delivered to the commission:

1. The initial articles of organization, fifty dollars.

2. An application for registration of a foreign limited liability company, one hundred fifty dollars.

3. An amendment to the articles of organization, twenty-five dollars.

4. Articles of termination and a certificate of termination, thirty-five dollars.

5. A certificate for any purpose not otherwise provided for, ten dollars.

6. Statement of merger, interest exchange, conversion, domestication or division if the entity responsible for filing the statement is a limited liability company, fifty dollars.

7. Written information on any limited liability company, ten dollars.

8. A copy of any document or instrument, five dollars plus fifty cents per page.

9. An application for reservation of a name or for filing a notice of the transfer or cancellation of any name reservation, ten dollars.

10. Five dollars for a statement of change of address of one or more of the following:

(a) Known place of business.

(b) Statutory agent.

WESTLAW   © 2020 Thomson Reuters. No claim to original U.S. Government Works.   38

(c) Manager.

(d) Member.

11. Any service of notice, demand or process on the commission as resident agent of a limited liability company, twenty-five dollars. This amount may be recovered as taxable costs by the party to the suit, action or proceeding causing the service to be made if the party prevails in the suit, action or proceeding.

12. Articles of correction, the fee prescribed in section 10-122, subsection A, paragraph 17.

13. Application for reinstatement following administrative dissolution, in addition to other fees and penalties due, the fee prescribed in section 10-122, subsection A, paragraph 13.

B. The commission shall provide for and establish an expedited service for the filing of all documents and services provided pursuant to this chapter as follows:

1. The expedited filing shall be a priority service to be completed as soon as possible after the documents are delivered to the commission.

2. In addition to any other fees required by this section or any other law, the commission shall charge a nonrefundable fee for expedited services, including those requested by fax. The fee shall be determined by a supermajority vote of the commissioners.

C. The commission may provide for and establish same day and next day services for the filing of any documents and services provided pursuant to this chapter as follows:

1. The commission shall suspend same day or next day service if the commission determines that it does not have the necessary resources to perform the service within the established time period.

2. In addition to any other fees required by this section or any other law, the commissioners may charge a nonrefundable fee for the same day or next day service or both. The fee shall be determined by a supermajority vote of the commissioners.

D. The commission shall publicly post the current wait times for processing regular, expedited and same day and next day services.

E. All monies received pursuant to subsections B and C of this section shall be deposited, pursuant to sections 35-146 and 35-147, in the public access fund established by section 10-122.01.

F. **The commission may allow** any person ~~may~~ **to** advance monies to the commission to pay fees required pursuant to this section for future filings and services. All monies received pursuant to this subsection shall be deposited, pursuant to sections 35-146 and 35-147, in the money on deposit account in the public access fund established by section 10-122.01.

G. For the purposes of this section, "supermajority" means an affirmative vote of at least four commissioners.

© 2017 Arizona State Legislature. All Rights Reserved

**End of Document**

© 2020 Thomson Reuters. No claim to original U.S. Government Works.

WESTLAW    © 2020 Thomson Reuters. No claim to original U.S. Government Works.    40